JASON DOWNER, *Appellant*,

*vs.*

JAMES B. CROSS et al., *Appellees.*

APPEAL IN EQUITY FROM THE MILWAUKEE CIRCUIT COURT.

An appeal lies from an order of confirmation, or denying confirmation of sale under decree of foreclosure.

The court has power either to confirm or set aside a sale under a decree of foreclosure, and the purchaser buys subject to the future order of the court, upon the equities of the parties to the suit.

The former adjudications of the Supreme Court will not be reviewed upon a subsequent appeal from other orders made in the case, but will be held *res adjudicata*, and binding upon the parties.

Jason Downer filed his bill of complaint against James B. Cross in the Circuit Court for Milwaukee county, March 8, 1850, being a bill of foreclosure in the usual form, stating that a part of the money secured by the mortgage was past due, and a part to become due. On the 6th day of May, 1850, the court made the usual decree of foreclosure, except it appointed, in that decree, Leander Wyman a special commissioner to make sale of the mortgaged premises. The mortgage was on a single lot in the city of Milwaukee, and there was no reference before the decree to an officer to report whether the premises could be sold in parcels without prejudice. The commissioner sold the whole of the mortgaged premises to James H. Rogers for $150, and made report of his sale to the court on the 16th day of December, 1850, and on the same day the court made an order confirming the sale, and a personal decree against Cross for $63.74, being balance of an installment which had become due after the rendition of the decree of foreclosure,

Dec. Term
1853.

Downer
vs.
Cross et al.

and before the report of sale. November 9, 1850, Cross appealed from the order or decree of the 16th day of September, 1850, to the Supreme Court.

The Supreme Court reversed the order and decree of the Circuit Court. The *remittitur* or mandate of the Supreme Court was filed in the Circuit Court on the 9th day of August, 1852. On the 10th of August, the Circuit Court, on motion of Cross, ordered the sale which was made by Wyman, special commissioner, to be set aside, vacated and annulled. On the 23d day of October the plaintiff filed an amended bill, making Oliver B. Pierce party defendant, who was brought before the court according to the statute. May 2, 1853, proof of publication of order for Pierce to plead, an order *pro confesso*, and proof of amount due on the bond and mortgage, were filed, and May 6, 1853, decree of sale and foreclosure of said mortgaged premises was made and filed, bearing date May 2, 1853.

June 6, 1853, James H. Rogers filed his petition, setting forth that he was the purchaser of the mortgaged premises under the first decree ; among other things, asking that the last decree and the order vacating said sale be set aside. June 11, 1853, the court vacated the decree filed the 6th of May.

August 12, 1853, at a special term, Jason Downer filed his petition, stating that the whole mortgage debt was past due, and the amount remaining unpaid was $330, and praying for such proceedings as were agreeable to equity, and for a re-sale of said mortgaged premises. September 1, 1853, the court vacated the order made August 9, 1852, vacating the sale theretofore made of the mortgaged premises. On the 19th day of September, 1853, the court ordered and de-

creed, that the complainant is not entitled to a decree

of foreclosure and sale of the mortgaged premises, for the reason that it appears of record that there was a final decree entered in this cause on the 6th day of May, 1850, which remains unreversed. On the same day Downer moved, by written motion, to vacate the sale made by Wyman as commissioner, and for an order of sale of said mortgaged premises. After further argument, on the 21st day of September, 1853, the court below made a decree which, after reciting, that Rogers was entitled to the mortgaged premises and that said sale ought not to be vacated, &c., is in the following words, to wit: "It is ordered and decreed by the court, and the court does hereby order, adjudge and decree, that the prayer of the petition of the said Downer, on file in this cause for a re-sale of said mortgaged premises, be, and the same is, hereby denied, and that the motion of said Downer to vacate said sale, and for an order of re-sale, be, and the same hereby is, overruled. And it is further ordered and decreed, that said Downer be, and he hereby is, barred from all further proceedings in this cause against said mortgaged premises, and from all right, title and interest therein, and that said Rogers may have possession of said mortgaged premises, as purchaser, under and pursuant to the decree of sale and foreclosure heretofore made herein." On the 22d day of September, the complainant appealed from the decree of the 21st September, and from all orders and decrees made within fifteen days before the appeal.

*J. Downer* submitted written argument and brief.

1st. What did the Supreme Court decide when this case was before it first? The language of the decision is: " It is ordered that the *order and decree*

# 374 WISCONSIN REPORTS.

of the court below be reversed." What order and decree? The order and decree appealed from. What order and decree is that? Cross, in his appeal, says he "appeals from the order or decree of the 16th day of September, 1850"; that is, from the order of confirmation and personal decree for $63.74. It was, then, this order and decree which was reversed by the Supreme Court, and it is too plain for argument, that the reversal left the cause in the same condition it was after the sale, and before the order of confirmation, with this difference, that the decision of the Supreme Court said in effect to the court below, that it was error to confirm that sale, and it must not be again confirmed. What then should the Circuit Court do? Evidently vacate the sale, and, if necessary, the decree of foreclosure, and order a new sale, or make a new decree of foreclosure, unless Rogers acquired a good and perfect title by the sale and deed to him, without a confirmation.

2d. The title which a purchaser acquires under a foreclosure sale in chancery, depends entirely on the confirmation of the sale by the court. Without such confirmation it is worthless. It is every day's practice for a Court of Chancery to set aside and vacate these sales, and order new sales. The doctrine is, that the sale is made by the court, through its officer, and the act of the officer is not complete or valid until confirmation by the court itself. *Cassamajor vs. Strode*, 1 *Sim. & Stu.* 381; *Anderson vs. Joulle*, 2 *Har.* 346; *Requa vs. Rea*, 2 *Paige Ch. R.* 341; *Collier vs. Whipple*, 13 *Wend.* 226, *and the English cases there cited*; *Lansing vs. McPherson*, 3 *Johns. Ch. R.* 424; *Toohley vs. Kane*, 1 *S. & M. Ch. R.* 518; 10 *id.* 164; *Mobile Bank vs. Hunt*, 8 *Ala.* 876.

In the case of *Requa vs. Rea*, (2 *Paige*, 341,) the court went so far as to decree that a purchaser who had after the sale and deed to him, and before the confirmation, put valuable improvements on the land, could not be reimbursed for such improvements, (the court refusing to confirm the sale,) on the ground that the purchaser went into possession without authority, before the sale was confirmed, which is equivalent to saying that he was a trespasser, and had no right to the temporary possession, much less, title to the premises, till confirmation ; and the New York statute under which that decision was made, is the same as ours, in substance.

*P. Yates*, for defendant Cross, argued the case at bar, insisting substantially upon the same points made by the appellant, and cited in support of others made by him, *Ex parte Minor*, 11 *Ves.* 559 ; 5 *How.* 289 ; 12 *Barb. S. C. R.* 392 ; *R. S.* 413 ; 10 *Paige*, 602 ; 2 *Harr. & Gill.* 346 ; 10 *S. & M.* 164 ; 2 *Am. Ch. Dig. p.* 86, *sec.* 634.

*J. S. Brown*, for the purchaser Rogers.

The purchaser contends, that at the time of his purchase there was a valid decree of the court authorizing such sale, and that, no matter how erroneous it may have been, he is protected in his purchase, although it might subsequently have been reversed; or, in other words, that acts done under a decree or judgment, valid at the time, cannot be affected by a subsequent reversal ; the fund bid must stand in the place of the mortgaged property. 3 *Cowen & Hill's Notes* (*note* 620 *to p.* 344) ; 1 *McCloud*, 221 ; 5 *Peters*, 369 ; 10 *id.* 449–474 ; 1 *Ves.* 195 ; 8 *S. & R.* 296.

DEC. TERM
1853.

Downer
vs.
Cross et al.
Nor is there any ground for drawing the distinction between decrees and judgments at law, made by the appellants ; if there was a doubt, it was settled by the Revised Statutes (p. 418), which gives the same effect to a decree which it gives to a judgment, &c.   12 *Ves.* 101 ; 13 *Peters*, 15.

The appellant contends that the purchaser had actually acquired no rights ; that his title depended upon confirmation.   The Revised Statutes (p. 428, sec· 83) make the deed good to convey title without any other act.

The cases cited by the appellant from New York, establish no such principle as is contended for by him. They simply affirm the right of a Court of Chancery to set aside sales on motion for proper cause, whether before or after confirmation ; they in no respect depend upon the effect of the deed in giving title, but on the contrary acknowledge that the practice of Courts of Chancery in this country in regard to such sales is different from that of England.   The case cited from 3 *Johnson's Ch. Rep.* is where no conveyance had been executed.   The case in 13 *Wendell* seems to put sales before confirmation here, on the same ground as after confirmation in England.   The English case in 1 *Simm. & Stu.* simply affirms the general control of the court over a purchaser, and the right to restrain waste, if he refuses to pay purchase money.   Indeed, the English practice in respect to sales, affords no analogy to our own.

The appeal itself was a nullity, because it was more than sixty days after the rendition of the final decree, and was forty-five days after the order of confirmation ; the case was therefore never before the Supreme Court.   The decree of sale, &c., was the final decree.

4 *Paige*, 561–7 ; *Ray vs. Law*, 3 *Cranch*, 179 ; *Whit-* <span>Dec. Term 1858.</span>
*neyvs. Bank of the U. S.*, 13 *Peters*, 6–15 ; 6 *How.*
201 ; 9 *Paige*, 639 ; *Nelson et al. vs. Jennings, Law* <span>Downer vs.</span>
*Mag. for Nov.* 1850, *p.* 317 ; 11 *Paige*, 436 ; *R. S.* 428. <span>Cross et al.</span>

*By the Court*, WHITON, C. J.	It appears that a
decree of foreclosure, and for the sale of the mort-
gaged premises, was made by the Circuit Court for
Milwaukee county, and that a sale took place under
the decree.	Upon the coming in of the report of the
commissioner who made the sale, the sale was con
firmed by the court, and the defendant ordered to
pay to the complainant the sum of sixty-three dol-
lars and twenty-four cents, that being the amount due,
after applying the proceeds of the sale of the mort-
gaged premises.

From the order confirming the sale and ordering
the payment of the money, an appeal was taken to
the Supreme Court, and the order reversed. The case
having been remitted to the Circuit Court for further
proceedings, that court vacated and set aside the sale
made by the commissioner.	The complainant then
amended his bill of complaint, by making Oliver B.
Pierce a defendant, alleging that he had, or pretended
to have, some equitable interest in the land mentioned
in the original bill.	Process by subpœna was issued
against him, and the bill taken as confessed against
him for want of an appearance.	Afterwards another
decree of foreclosure, and for the sale of the mort-
gaged premises, was made, but was vacated at the
same term.	At the same term James H. Rogers filed
his petition, setting forth, among other things, that
he was the purchaser of the mortgaged premises at
the sale, and praying that the order vacating and an-

nulling the sale might be set aside and vacated. At a subsequent term, the complainant filed a petition for further proceedings in the case, and a motion for a re-sale of the mortgaged premises. It further appears by the amended return of the clerk of the Circuit Court, that that court vacated the order which was previously made, setting aside and vacating the sale made by the commissioner, although no order to that effect, signed by the judge, appears among the papers of the case.

The petition and motion of the complainant appear to have been argued in connection with the petition of Rogers above referred to. After argument upon the motion and petition, the court made the following order, from which this appeal is taken :

" This cause having been argued by counsel for the complainant, and the defendant, James B. Cross, and also by James S. Brown, as solicitor for James H. Rogers, and it appearing to the court that said James H. Rogers has title to the mortgaged premises under and by virtue of the sale to him heretofore made by Leander Wyman, as commissioner, in pursuance of a decree of foreclosure in this cause, and that the title of said Rogers is unaffected by the reversal of the order and decree of this court by the Supreme Court ; and that it is improper to vacate said sale to him, and order a new sale of the mortgaged premises by reason of such reversal. It is therefore ordered and decreed by the court, and the court does hereby order, adjudge and decree, that the prayer of the petition of said Downer, on file in this case, for a re-sale of said mortgaged premises, be, and the same hereby is, denied, and that the motion of said Downer to vacate said sale, and for an order of re-sale, be, and the same

is, hereby overruled: And it is further ordered and

decreed, that said Downer be, and he hereby is, barred from all further proceedings in this cause against said mortgaged premises, and from all right, title and equity therein, and. that said Rogers may have possession of said mortgaged premises as purchaser, under and pursuant to the decree of sale and foreclosure, heretofore made herein."

It will be seen that this order does not, in direct terms, confirm the sale which was made to Rogers; but perhaps, if it should be permitted to stand, would have the same effect, as it bars the complainant from any further proceedings against the premises sold, for the purpose of collecting the mortgage debt, and from all right, title and equity therein, and provides that Rogers shall have possession of the premises as purchaser under the sale. It will be seen further, that it makes no provision for the payment to the complainant of that part of the mortgage debt still due. This order is entitled in the case as it stood after Pierce had been made a party, and purports to be an order in a case, with different parties from the one in which the sale was made.

It is contended, on the part of Rogers, that he acquired a right to the land by purchase at the sale, of which he cannot be divested by subsequent proceedings between the parties to the suit. But the rule is clearly otherwise. We held, in the case of *Strong vs. Catton* (1 *Wisc. R.* 471), that the court had the power to set aside a sale of mortgaged premises, and that the purchaser bought the premises subject to the equities of the parties to the suit.

We do not think that we are called upon to decide what was the effect of making Pierce a party defend-

ant while there was a final decree in the case in full force against Cross, as it can make no difference with the decision of the question presented by this appeal; for if he was properly made a defendant, there should be not only a re-sale of the mortgaged premises, but a new decree of foreclosure, in order to foreclose his interest in the property ; while, if the proceedings by which he was made a party were irregular, and the case stands as to parties as it did while Cross was sole defendant, the decree of the Supreme Court, reversing the order of the Circuit Court, confirming the sale, and ordering the payment of the money, is conclusive.

It is contended on the part of Rogers, that for aught that appears, the order of the Circuit Court was reversed by the Supreme Court, because it ordered the payment of that part of the mortgage debt remaining due, after applying the proceeds of the sale of the mortgaged premises, and that it does not appear that it was reversed because the court was of opinion that there should be a re-sale. But this cannot be a correct view of the case. The bill of complaint avers the execution of a bond by Cross, conditioned for the payment of three hundred dollars, to secure which the mortgage was made ; and the bill of complaint was taken as confessed against him.

Now, if the Supreme Court had been of opinion that the sale to Rogers was regular, there can be no doubt of the propriety of a decree against Cross, the obligor and mortgagor, for that part of the mortgage debt remaining due, after applying the proceeds of the sale of the mortgaged premises. *Rev. Stat. chap.* 84, *sec.* 77.

Again, the whole order in question was appealed from, and it was reversed *in toto.* If it had been in-

correct in the opinion of· the court, only as to the
payment of the money, it would have been reversed only as to that, and that part of it which related to
the sale would have been permitted to stand. *Rev.* *Stat. chap.* 84, *sec.* 112. While, if there was to be a re-sale, it could not be known what sum the mortgaged premises would bring, and of course it could not be determined whether there would be any deficiency. Hence, in such a case it would be necessary to reverse the whole order.

The Supreme Court must therefore have reversed the order for the reason that it was of opinion there should be a re-sale, and this decision of the matter is conclusive upon all the parties. *Washington Bridge Co. vs. Stewart et al.,* 3 *How. R.* 413.

The order of the Circuit Court is reversed.