THE STATE EX REL. MEGGETT VS. O'NEILL, Circuit Judge.

*September 13 — October 20, 1889.*

*Appealable order: Contempt: Civil or criminal? Certiorari: Supreme court.*

1. A final order in a civil contempt proceeding is one affecting a substantial right made in a special proceeding, and is therefore appealable.

2. Where the act charged as contempt is the nonpayment of money to another party, and the remedy prayed and granted is the compulsion of such payment by arrest and imprisonment until it is done, the proceeding is civil in its character.

3. The supreme court will refuse to review by *certiorari* appealable orders and judgments, except in emergencies in which the remedy by appeal is inadequate.

CERTIORARI to review proceedings of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. The respondent moved to quash the writ. *Motion granted.*

A writ of *certiorari* having been issued to review certain contempt proceedings and order or judgment against the relator, and return thereto having been made, the respondent moved to quash the writ. From the record it appears that prior to 1893 an action to foreclose a mortgage was pending, wherein Herbert Nash, as trustee, was plaintiff, and the re-

lator was the principal defendant; that on December 30, 1893, in said action, the court entered an injunctional order, among other things prohibiting the relator from interfering with the mortgaged property or collecting any rents thereof, which injunctional order was duly served on the relator; that after such service the relator did collect rents amounting to $114.83, which, notwithstanding repeated demands, he failed and neglected to pay over to the receiver appointed in said action. In June, 1898, there was issued an order to show cause why the relator should not be punished for contempt for his disobedience of said injunction. Upon that order to show cause affidavits were introduced on both sides, an issue of fact joined, and testimony taken thereon, and on August 5th an order was made adjudging the relator guilty of wilful contempt of court in collecting said rents, and that said relator forthwith pay to the plaintiff or his attorney, L. A. Doolittle, the sum so collected, with interest and costs. On September 29th proof was made to the court by affidavit of demand and refusal of the relator to pay, whereupon the court entered an order adjudging the relator guilty of contempt in having wilfully disobeyed the order made by the court on the 5th of August in neglecting and refusing to pay said moneys; that said misconduct was calculated to, and actually did, defeat, impair, and prejudice the rights and remedies of the plaintiff; and that as punishment for said contempt the said *Alexander Meggett* be committed by the sheriff to the common jail, to be detained and imprisoned until he shall have obeyed the order of August 5th by paying the sums therein specified; whereupon warrant issued, *Meggett* was arrested, gave bond for the jail limits, and has continued so imprisoned ever since. He has made two motions to vacate said order of imprisonment,— one based simply on the record, the other based on the record and on the additional fact that thereafter he had been discharged in bankruptcy from his debts; among other facts it appearing

that relator has had an income from a federal office exceeding $1,500 per year. Both of those orders were denied by the court below. So far as appears, no appeal has been taken or attempted from any of the above-mentioned orders.

*W. F. Bailey*, for the relator.

*L. A. Doolittle*, for the respondent.

DODGE, J.    A final order in a civil contempt proceeding is appealable as being one affecting a substantial right in a special proceeding. *Shannon v. State*, 18 Wis. 604; *Witter v. Lyon*, 34 Wis. 564; *In re Day*, 34 Wis. 638.    The proceeding assailed was civil and not criminal.    The two are distinguished, as are actions, by the character of the rights to be vindicated and the remedy sought.    A civil proceeding is one the purpose of which is to redress private grievances and to enforce or protect private rights; while a criminal proceeding is to punish an affront to public rights, namely, the authority and dignity of the court.    The order or judgment sought and pronounced is a most cogent consideration in identifying the one or the other.    *State ex rel. Chappell v. Giles*, 10 Wis. 101; *Shannon v. State, supra; In re Day,* 34 Wis. 638; *In re Murphey*, 39 Wis. 286; *In re Pierce*, 44 Wis. 411; Rapalje, Contempt, § 21.    Where the act charged as contempt is the nonpayment of money to another party, and the remedy prayed and granted is the compulsion of such payment by arrest and imprisonment until it is done, there can be no doubt that the proceeding is civil in its character.    Whether or not the same act might also support a criminal proceeding on behalf of the state, having for its only purpose punishment for the defiance of the court's authority, we need not decide; the proceeding cannot serve both purposes (*In re Pierce, supra*); and in the record before us the private end and civil character is clearly dominant.    This court has repeatedly declared its policy to refuse to review by *certiorari* appealable orders or judgments.    *State*

*ex rel. C. & N. W. R. Co. v. O., A. & B. W. R. Co.* 100 Wis. 538; Harris, Certiorari, §§ 44, 87. This rule of policy is not predicated upon any lack of jurisdiction or of power, but upon the idea that the primary function of this court is appellate, and that its powers of superintending control over other courts, like its other original jurisdiction, are "not to be exercised upon light occasion, or when other and ordinary remedies are sufficient," as expressed by Mr. Justice WINSLOW in *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591. As the ordinary appellate revisory powers of this court have been found sufficient in the past, with extremely rare exceptions, it is believed that in the future emergencies transcending their sufficiency will seldom occur. The record before us does not invite the exercise of the unusual power called into operation in *State ex rel. Fourth Nat. Bank v. Johnson, supra;* it presents a pertinacity in contempt on the part of the relator seldom equaled, and, further, exhibits an entire and unexcused neglect to present those questions of jurisdiction and of error now urged, by appeal, where they might all have been considered and any injustice corrected. In the light of these facts, now more fully brought before us by the return, we are convinced that no proper case is presented for review of the proceedings upon this writ.

*By the Court.*— Let the writ of *certiorari* be quashed.