McEvoy, Respondent, vs. GALLAGHER and others, Appellants.

*September 4 — September 25, 1900.*

*Waters: Diversion: Natural watercourse: Contempt: Violation of injunction: Findings: Appealable order.*

1. Under sec. 3489, Stats. 1898, applicable to contempt proceedings to enforce the civil remedy of the plaintiff and protect his rights in the action (providing that if "the court shall adjudge the defendant to have been guilty of the misconduct alleged, *and* that the misconduct was calculated to, or actually did, defeat, impede or prejudice the rights or remedies of any party in a proceeding pending in such court, it shall proceed to impose a fine," etc.), the court found the defendants "guilty of a technical violation" of an injunctional order, but failed to find that "the misconduct was calculated to, or actually did, defeat, impede or prejudice the rights and remedies" of the plaintiff. *Held* that, in the absence of the findings required by statute, an order requiring defendant to pay a fine and the costs of the proceedings was without authority.

2. Such order, being one that affects the substantial rights of the defendants, and being made in a special proceeding, is appealable.

3. Where a natural watercourse has run across a highway to and across plaintiff's land from time out of mind, the plaintiff's right to the natural flow of the water in the stream, as a natural incident to the right to the soil itself, is the same as he has to other natural advantages belonging to the land of which he is the owner, and injury and damage from a threatened diversion are presumed and need not be proved.

APPEAL from an order and a judgment of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Order reversed, judgment affirmed.*

For the appellants there was a brief by *A. H. Smith*, attorney, and *Curtis, Reid, Smith & Curtis*, of counsel, and oral argument by *A. H. Reid* and *A. H. Smith*.

For the respondent there was a brief by *H. W. Barney*, attorney, and *A. L. Sanborn*, of counsel, and oral argument by *Mr. Barney* and *Mr. L. K. Luse*.

McEvoy vs. Gallagher and others.

CASSODAY, C. J.   This action was commenced August 18, 1898, against the supervisors of the town of Plymouth, and their agents, employees, or contractors, to restrain them from diverting a creek, or any part thereof, running into the Baraboo river, from the plaintiff's land.   Such proposed diversion is admitted, but is sought to be justified on the ground that it was necessary in the proposed improvement of the public highway running north and south along the west side of the plaintiff's premises.   It is conceded, in effect, that the creek came in from the west, and crossed the highway under a bridge, and entered the plaintiff's land, and then, after running in an easterly direction to a point on the plaintiff's land about 150 feet from the center of the highway, turned and ran in a southerly direction for a short distance, and then turned and ran in a westerly direction, and recrossed the highway under a bridge about 150 feet south of the place where it first crossed the highway, and that said creek had so run on the land owned by the plaintiff from time out of mind.

At the time of the commencement of the action a preliminary injunction was granted by a court commissioner restraining the defendants from diverting from the plaintiff's land any part of the water flowing in such creek.

August 24, 1898, the defendants answered by way of admissions, denials, and counter allegations.   September 8, 1898, a supplemental injunction was issued by the county judge requiring the defendants to absolutely desist and refrain from diverting any part of the waters of said creek from the land of the plaintiff, " and from filling in the bed of said stream, in whole or in part, at any place between its banks upon above plaintiff's said lands, and from constructing or maintaining any ditch across the said bend of said river."   Subsequently the defendants moved to modify such injunctional orders, which the plaintiff opposed, and moved to punish the defendants for contempt for the

violation of such injunctional orders.   Upon the hearing of
such motions, and after considering the pleadings and affi-
davits upon which they were respectively based, the circuit
court, on October 6, 1898, found, in effect, that the defend-
ants and each of them was and is guilty of a technical vio-
lation of the injunction so issued by the county judge, in
that piling and some material was put into the bed of said
stream by the defendants after the service of the second in-
junctional order, and that the defendants pay a fine of $1,.
and the costs of such motion, taxed at $20, and the sheriff's
fees in serving the order to show cause on which such mat-
ter was so founded, taxed and allowed at $15.70, and the
clerk's fees, taxed at $1.25, making in all the sum of $36.95..
Subsequently the cause was tried upon the merits, and, in
addition to the facts stated, the court found, in effect, that.
August 1, 1898, the defendant supervisors entered into a.
contract with the defendants *Greutzmachers* to repair such
highway.by taking out both of the sixty-foot bridges, and
replace the south bridge with a twelve-foot bridge, and fill
up the bed of the stream at the north bridge with an em-
bankment thirty-eight feet wide, and to place under such
embankment eighteen-inch tiling, thirty-eight feet long, for
the flow of the stream, and to cut a ditch on the west side
of the highway opposite such lands, from the south bank of
the stream west of the north bridge to the north bank of
the stream west of the south bridge, such ditch to be dug
deep enough so that the bottom of the north end thereof
should be three feet above the then stage of water in such
stream, " which was then very low," and the south end
thereof to run to the level of the water in such stream; that
the south bank of the river west of the north bridge was to
be protected by plank ·and posts to a height of three feet
from the bottom of such ditch down to the surface of said
stream; that the defendants *Greutzmachers* commenced to
do the work in accordance with such contract, August 15,

1898; that such stream was and is subject to annual rises of from four to six feet above the stage of water at the time of the taking out of such bridges, and the tiling so threatened and intended by the defendants to be put in the place of said north bridge would have been entirely insufficient to allow the water annually and usually flowing in said stream to enter and flow across the lands of the plaintiff, as it had been wont to do from time out of mind; that if such work so contracted and so threatened to be done by' the defendants had been accomplished the result thereof would have been to divert from the plaintiff's lands, and from their natural channel, the waters of said stream, to the permanent and irreparable injury and damage of the plaintiff; and, as conclusions of law, the court found, in effect, that the defendants had no right to divert such stream, or any portion thereof, from the lands of the plaintiff; that at the time of the commencement of this action the plaintiff was entitled to the temporary injunctions mentioned, and was entitled to judgment perpetually enjoining and restraining the defendants from doing anything to obstruct the flow of the water in such stream upon and off his said lands, and ordered judgment accordingly, but without costs, except as therein stated. From the judgment so entered, the defendants bring this appeal. They also appeal from the order so entered punishing them for contempt.

The order adjudging the defendants guilty of contempt, and all papers, affidavits, orders, interrogatories, and answers upon which it was based, are each and all entitled in this action. The contempt proceedings were instituted by and for the benefit of the plaintiff. The issue made up in such contempt proceedings was strictly between the parties, and was tried by the court in pursuance of the statutes. Secs. 3480–3482, 3487, 3488, Stats. 1898. Upon such trial the court only found that the defendants were "guilty of a technical violation" of such injunctional order so made by the county

McEvoy vs. Gallagher and others.

judge, "in that piling and some material was put into the bed of said stream by the defendants after the service of" that order, and also required the defendants to pay, for the benefit of the plaintiff, $36.95 costs, in addition to the fine of $1.

The section of the statutes applicable to such a proceeding for a mere civil contempt provides that "if . . . the court shall adjudge the defendant to have been guilty of the misconduct alleged, *and* that the misconduct was calculated to or actually did defeat, impede or prejudice the rights or remedies of any party in an action or proceeding pending in such court, it shall proceed to impose a fine or to imprison him, or both, as the nature of the case shall require." Sec. 3489, Stats. 1898. The statute is mandatory, but the trial court made no such adjudication or finding. It was not the case of misconduct committed in the immediate view and presence of the court, and hence calling for summary punishment. Sec. 3478, Stats. 1898. Nor was it a case calling for an exercise of the inherent power of the court to punish as and for a criminal contempt. Sec. 2565; *State ex rel. Att'y Gen. v. Circuit Court,* 97 Wis. 1. The proceedings were to enforce the civil remedy of the plaintiff, and to protect his rights in the action. But no finding or adjudication in his favor was made as required by the statute, and hence the order was made without authority. It affected the substantial rights of the defendants, and was made in a special proceeding, and is therefore appealable. *State ex rel. Meggett v. O'Neill,* 104 Wis. 227.

Upon the merits, we are clearly of the opinion that the judgment should be sustained. The findings of the court mentioned are abundantly supported by the evidence. While there is no claim nor pretense that the defendants entered upon or used any portion of the plaintiff's land, yet it is clearly established that the avowed object of the defendants was to prevent a portion of the waters of the stream

McEvoy vs. Gallagher and others.

from flowing onto the plaintiff's land, and to cause such surplus waters to flow from a point in the stream above the plaintiff's land in the ditch mentioned, south along the west side of the highway, to a point in the stream below the plaintiff's land, as stated.   Counsel contend that the plaintiff has failed to show that the proposed improvement would be of any injury or damage to his land, and that the finding of the court that it would be to the "permanent and irreparable injury and damage of the plaintiff" is unsupported by the evidence.   But it is well settled, and is in fact elementary, that "Riparian proprietors, upon both navigable and unnavigable streams, are entitled, in the absence of grant, license, or prescription limiting their rights, to have the stream which washes their lands flow as it is wont by nature, without material diminution or alteration.   Each proprietor may therefore insist that the stream shall flow to his land in the usual quantity, at its natural place and height, and that it shall flow off his land to his neighbor below in its accustomed place and at its usual level."   Gould, Waters, § 204, citing numerous authorities in support of the proposition.   The plaintiff had the same right to such natural flow of the water in the stream, as a natural incident to the right to the soil itself, as he had to other natural advantages belonging to the land of which he was the owner. *Id.;* *North Shore R. Co. v. Pion,* 14 App. Cas. 621; *Kaukauna W. P. Co. v. Green Bay & M. C. Co.* 75 Wis. 390.   Injury and damage in such a case is presumed, and need not be proved.

*By the Court.*— The order of the circuit court adjudging the defendants in contempt is reversed, and the cause is remanded with directions to dismiss such proceedings for contempt, with costs of such proceedings to be taxed against the plaintiff, and in favor of the defendants.   The judgment of the circuit court upon the merits is in all things affirmed, with costs in favor of the plaintiff and against the defendants.