THE STATE EX REL. SCHUTZ vs. WILLIAMS, Circuit Judge.

*January 30—February 23, 1906.*

Mandamus: *Criminal law and practice: Change of venue after reversal in supreme court: Statutes: Construction.*

S., being about to be placed on trial for a criminal offense in the municipal court of Milwaukee county, used his statutory right and obtained a change of venue to the circuit court for that county on account of the prejudice of the municipal judge. Thereafter, in due form of law, he was convicted and sentenced, and, upon writ of error, the judgment of conviction was reversed by the supreme court and the cause remanded for a new trial. At the first term after reversal and on the cause being called for trial, an application, in due form of law, was made for a change of venue on account of the prejudice of the circuit judge, which was denied, and thereupon an alternative writ of *mandamus* was sued out of the supreme court to compel the relief demanded on such application. *Held,* under sec. 4680, Stats. 1898 (providing that any defendant may apply for a change of venue on account of the prejudice of the judge of the court in the manner provided by law for a change of venue in civil actions; and it shall be the duty of the judge to award such change, but not more than one change shall be awarded in any cause, and such change shall not be awarded after the next term succeeding that at which the accused shall have been arraigned unless his affidavit states facts showing the existence of prejudice on the part of the judge unknown to the defendant at any term of the court prior to the making and filing of such affidavit; and in all cases after a trial shall have been had without a verdict the accused shall be entitled to one

State ex rel. Schutz v. Williams, 127 Wis. 236.

change of venue, if he desire it and make application therefor at the term at which such trial was had; provided, that where the judgment shall be reversed by the supreme court and the cause remanded for a new trial such defendant may apply for a change of venue on account of the prejudice of the judge in the manner provided by this section at the first term when the cause shall be called for trial after such reversal):

(1) The right of S. to make such application by necessary implication carried with it the right to have the application granted in case the moving papers satisfied the statute.

(2) Such application should be made in accordance with the law in a civil action, i. e. by filing an affidavit and moving thereon, stating that the defendant has good reason to believe and does believe that he cannot have a fair trial on account of the prejudice of the judge, naming him.

(3) The manifest purpose of the proviso in sec. 4680 is to place the accused at the first term of the court after the reversal at which a trial may be had in the same situation, as regards a change of venue, as at the first opportunity for a change after the filing of the indictment or information.

(4) In such affidavit it is not necessary to state facts showing that the existence of prejudice on the part of the judge was unknown to the applicant at any term of court prior to the filing of the application, since there might be one or more terms of court prior to making the application, occurring between the first trial and the first opportunity for a second trial, neither of which would afford opportunity for an application for a change of venue and give rise to any necessity therefor.

(5) S. having been denied a clear statutory right, a peremptory writ of *mandamus* should issue.

MANDAMUS to ORREN T. WILLIAMS, Judge of the Circuit Court for Milwaukee county. *Peremptory writ granted.*

*Jacob Schutz,* being about for the first time to be placed on trial in the municipal court of Milwaukee county, Hon. ALVIN C. BRAZEE presiding, for the offense of bribery, used his statutory right to obtain a change of venue on account of the prejudice, as he claimed, of such judge, resulting in the cause being transferred for trial to the circuit court for Milwaukee county. Such proceedings were duly had in such court that in due form of law he was found guilty, and was

·sentenced to be punished by imprisonment at hard labor for ·the term of one year in the house of correction in Milwaukee ·county. Upon a writ of error sued out of this court the judgment against him was reversed and the cause remanded to the ·circuit court for a new trial. At the January term of such ·court for 1906 the cause was first, after such reversal, called for trial before the *Hon. Orren T. Williams,* the judge who ·presided at the previous trial, whereupon, in due form of law, an application for a change of venue was made, as in case of ·a first application, on account of prejudice, as the accused claimed, of said *Hon. Orren T. Williams.* The motion was ·denied. An alternative writ of *mandamus* was thereupon sued out of this court for the purpose of obtaining relief to which the accused deemed himself entitled, as indicated by his said motion.

For the relator there was a brief by *C. A. A. McGee* and ·*Julius E. Roehr,* attorneys, and *McGee & Jeger,* of counsel, and oral argument by *Mr. McGee.*

The *Attorney General* and *A. C. Titus,* assistant attorney ·general, for the respondent.

MARSHALL, J. The questions for decision are these: A person, charged with having committed a criminal offense, having obtained one change of venue in due form of law and thereafter been tried and convicted and subsequently secured a reversal of the conviction on writ of error to this court and a remand of the cause for a new trial, can he upon the cause being first called for such trial obtain, as matter of right, a ·second change of venue? If that be answered in the affirmative, is it requisite in the moving affidavit to show that the ·cause for the change was not known to the accused at any term of court prior to the filing of such affidavit? Both questions must be answered by the statute without effort to judicially construe the same, unless there is some ambiguity ·therein. Such statute (sec. 4680, Stats. 1898), eliminating

all words not helpful in determining its meaning, is as follows:

"Any defendant . . . may apply for a change of venue on account of the prejudice of the judge of the court . . . in the manner provided by law for a change of venue in civil actions; and it shall be the duty of the judge . . . to award such change, but not more than one change . . . shall be awarded in any cause, and such change shall not be awarded after the next term succeeding that at which the accused shall have been arraigned unless his affidavit states facts showing the existence of prejudice on the part of the judge unknown to the defendant at any term of the court prior to the making and filing of such affidavit; and in all cases after a trial shall have been had without a verdict the accused shall be entitled to one change of venue, if he desire it and make application therefor at the term at which such trial was had; provided, that where the judgment . . . shall be reversed by the supreme court and the cause remanded for a new trial such defendant may apply for a change of venue on account of the prejudice of the judge in the manner provided by this section at the first term when the cause shall be called for trial after such reversal."

That seems plain. There certainly is no uncertainty of sense in the words themselves. We cannot discover any in applying them to the subject with which they deal. In their literal sense they lead to no absurd consequences. We must, therefore, give thereto the plain ordinary meaning. *State ex rel. Davis & Starr L. Co. v. Pors,* 107 Wis. 420, 83 N. W. 706.

The right after reversal to make one application for a change of venue is stated in the most unmistakable language. The right to make application, by necessary implication, carries with it the right to have the application granted in case of the moving papers satisfying the statute. What is the essential in that regard? That is answered by the words of the proviso: "In the manner provided by this section." That refers to preceding language to the effect that, on the occasion

State ex rel. Schutz v. Williams, 127 Wis. 236.

when the statute affords the first opportunity for a change of venue, the accused may make application therefor in accordance with the law in civil action, *i. e.* by filing an affidavit and moving thereon, stating that the defendant has good reason to believe and does believe that he cannot have a fair trial on account of the prejudice of the judge, naming him. The manifest purpose of the proviso, it seems, is to place the accused at the first term of the court after the reversal at which a trial may be had in the same situation, as regards a change of venue, as at the first opportunity for a change after the filing of the indictment or of the information. That it has nothing to do with the preceding proviso is unmistakable since that requires an affidavit stating facts showing the existence of prejudice on the part of the judge unknown to the applicant at any term of court prior to the filing of the application. In any case there might be one or more terms of court prior to the making of the application, occurring between the first trial and the first opportunity for a second trial, neither of which would afford an opportunity for an application for a change of venue and give rise to any necessity therefor.

The proviso with the words in connection with it which are a part thereof by reference or necessary implication is in this form: Where the judgment against a defendant shall be reversed by the supreme court and the cause remanded for a new trial such defendant may apply for a change of venue (and the same shall be awarded to him) upon his filing his affidavit that he has good reason to and does believe that he cannot have a fair trial in such action on account of the prejudice of the judge, naming him. That, of course, being subject to the provision in respect to holding the case and calling in another judge.

It follows that respondent denied the relator that which was his clear statutory right and for that reason a peremptory writ of *mandamus* must be issued according to law in such cases.

*By the Court.*—So ordered.