STATE EX REL. MILWAUKEE ELECTRIC RAILWAY & LIGHT
COMPANY vs. CIRCUIT COURT FOR ROCK COUNTY.

*December 18, 1907—January 8, 1908.*

Mandamus *to circuit court: Superintending control: When exercised.*

> On an application to compel by *mandamus* a circuit judge to change
> the venue of an action it is *held* that the superintending control
> of the supreme court over inferior courts will not be extended
> to determine whether a circuit judge should do what he has re-
> fused to do, when the error claimed to have been committed is
> reviewable on appeal from the order entered in the matter, or
> from a final determination of the action or proceeding in which
> it is made, and the refusal does not deny a clear statutory right,
> but involves the determination of questions of law or fact, or
> both, of such difficulty that a judge might reasonably, proceed-
> ing considerately, commit judicial error.

MANDAMUS to the Circuit Court for Rock County. *Dis-
missed.*

*Mandamus* action to compel the circuit judge for Rock
county to change the venue of an action commenced in such
court against the relator and the Chicago, Milwaukee & St.
Paul Railway Company to Milwaukee county.

Winifred Fifield, plaintiff in the action, having been in-
jured in the city of Milwaukee, Wisconsin, under such cir-
cumstances, as alleged in her complaint, as to render both
the relator, an electric railway corporation having its prin-
cipal office and place of business in said city, and the Chicago,
Milwaukee & St. Paul Railway Company, a railway cor-
poration having part of its system in Rock county, Wisconsin,
liable for her damages, on the 15th day of February, 1907, as
was claimed, made an efficient attempt to commence an action
in such county against such corporation for redress. The re-
lator insisted that proper service was not made to obtain juris-
diction as to it and, there being some doubt in respect to the
matter, a second service, which is not questioned as to its

sufficiency, was made March 8, 1907. March 18th thereafter the relator appeared, specifying that such appearance had reference only to the service of March 8, 1907, and demanded a change of the place of trial to Milwaukee county, because of its being a corporation of the class mentioned in subd. 5, sec. 2619, Stats. (1898), and at the same time duly served a consent by its codefendant to such change. Plaintiff having failed to consent thereto, the relator duly moved the court for such change, supplementing papers previously served by proof of its being a corporation of the class mentioned in the subdivision aforesaid. The codefendant joined in such motion. The application was denied, whereupon the alternative writ of *mandamus* was sued out on a relation setting forth so far as necessary the facts aforesaid with others.

In previous proceedings to compel said circuit court to set aside the service of February 15, 1907, the application failed by the final adjudication in this court, because of there being but one action and, as the second service was conceded to be good, of its not being material whether the first one was or not. No adjudication was made as to whether such first service was efficient.

The circuit judge made return to the alternative writ, among other things, to this effect: It was not decided in the proceedings to set aside the service of February 15, 1907, that the relator had waived any defect in such service. The demand for a change of venue served, together with the consent of the Chicago, Milwaukee & St. Paul Railway Company, was retained by plaintiff's attorney. Proof of service of the summons made February 15, 1907, which is in due form, is the only service shown by the record, or which has been submitted to respondent, although a subsequent service was referred to on the argument. It was decided by the circuit court for Rock county, April 10, 1907, that the service of February 15, 1907, was sufficient, and the order in that

regard has not been modified or set aside. It is not true, as alleged in the relation, that no objection was made by plaintiff that the demand for a change of venue was not timely. Respondent determined, in denying the motion for a change of venue, that the service of February 15th aforesaid was good, and that the demand for a change of venue was not seasonably made; and further determined that the Chicago, Milwaukee & St. Paul Railway Company was properly sued in Rock county; that such county was a proper one for trial of the action; that said railway company could not demand a change of venue to Milwaukee county, and that the action is indivisible, so that the relator, in any event, was not entitled to the change requested.

The relator answered the return, putting in issue all matters stated therein inconsistent with those stated in the relation, particularly denying that the only proof of service brought to the attention of respondent was that as to the service of February 15, 1907, and that plaintiff made objection that the demand for a change of venue was not timely and that respondent determined in denying the application therefor that it was not made in time. Counsel for the relator duly moved the court on the proceedings aforesaid for a peremptory writ of *mandamus.*

*Clarke M. Rosecrantz,* for the relator.

For the respondent there was a brief by *Charles L. Fifield* and *Malcolm G. Jeffris,* and oral argument by *Mr. Fifield.*

MARSHALL, J. The important proposition to be met at the outset in this cause is: Ought the court, under the circumstances, to allow the use of its power of superintending control to test the question of whether relator was entitled to a change of venue, as requested?

Counsel for both sides failed to argue the proposition mentioned. They seem to have taken for granted that it was passed upon at the time of granting the alternative writ, or

was then deemed not to be open to serious controversy in the
light of previous decisions.   The fact is, though undisclosed
by anything appearing in the record, it is true, that when
the alternative writ was issued it was considered quite
doubtful whether the court ought to take jurisdiction of the
matter, but it was thought best to give the relator the benefit
of the doubt, to the extent of allowing proceedings up to a
point enabling counsel to aid the court, if they desired, by
a full discussion of the initial question.   As the matter stands,
we must order a reargument or treat the question without
aid of counsel, since their attitude in respect thereto does
not relieve the court from its duty of deciding the matter.
As the case has been already very much delayed by various
motions and proceedings it seems that every reasonable effort
should be made to prevent any further putting off a final de-
termination.

While the jurisdiction of superintending control con-
ferred upon the court by the constitution is very broad and,
as said in *State ex rel. Fourth Nat. Bank v. Johnson,* 103
Wis. 591, 79 N. W. 1081, quoting from a decision elsewhere,
it "is fettered by no restriction or limitation; it is as broad
as the exigency of the case demands," as therein indicated
it should not be used except in such extreme cases as to ren-
der such course necessary to prevent a serious miscarriage
or denial of justice and when there is no other remedy at all
or none fairly adequate to the case.

In harmony with the foregoing the instances where the
power of superintending control has been used during the
history of this court are very few and do not include any
situation precisely like the one in hand.   The nearest ap-
proaches thereto are *State ex rel. Rowell v. Dick,* 125 Wis.
51, 103 N. W. 229, where the judge was disqualified by
reason of having been concerned in the litigation as an at-
torney and application was made for a change of venue on
that ground under sec. 2623, Stats. (1898), which expressly

State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court, 134 Wis. 301.

entitled the applicant thereto, and *State ex rel. Schutz v. Williams,* 127 Wis. 236, 106 N. W. 286, where an application was made ·for a change of venue on the ground of the prejudice of the judge before whom the case was brought for trial.

In both of the instances mentioned there was a clear want of jurisdiction of the circuit judge to act otherwise than by granting the motion for the change. No intricate question of law was involved. The statute expressly required the change to be granted. In neither case did it seem that there was any very good ground for denying the application or hesitating in that regard. The rule laid down by the two decisions should not be considered as going to the extent of holding that in every case, where a trial judge erroneously denies an application for a change of venue, he will be coerced in the matter by the superintending control of this court.

In this instance there was no clear statutory requirement for the change. A number of questions were involved in respect to each of which the trial court might well have hesitated as to the right thereof. There is the question of whether the demand for the change was seasonably made or not, depending on, in one phase of the matter, the effect of the first attempt to commence the action, and the undisturbed holding of the trial court in respect thereto. Then there is the question of whether an action brought in the proper county for trial as to one defendant must necessarily be changed upon the application of the other to the proper county for trial as to the former if sued alone, upon its application, the code-fendant joining. There were questions, particularly those indicated, which were somewhat or entirely new and involved considerable difficulty.

In face of the situation indicated how can we well say that the trial judge acted in the face of and contrary to a clear legal right? There can hardly be such a right; one

clearly within the cases referred to, where there are quite difficult questions of law or fact, or both, which must be solved, affording ample room for a trial judge, proceeding considerately, to commit judicial error in reaching a conclusion.

It is the opinion of the court that in such a situation as is here presented, as a rule, the power of superintending control should not be used to coerce the trial judge, but that the alleged error should be left to be dealt with upon appeal from the final judgment in the action. If the errors could not be preserved for such review the case might be different. True, such errors, if allowed to remain uncorrected till review upon appeal from the final judgment, might result in some prejudice to the parties litigant, but if that were unqualifiedly sufficient to warrant the bringing of matters to this court under its power of superintending control, we should have a very frequent exercise thereof as is the case in some other jurisdictions, contrary to the settled policy of this court as indicated in *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. Use of the jurisdiction invoked is not necessary here to prevent a failure of justice, as was the case in *State ex rel. Fourth Nat. Bank v. Johnson,* which was the real ground upon which such jurisdiction was there exercised and which was referred to as justifying it. There is no emergency in this case sufficient to justify such use.

From the foregoing we deduce this rule as governing the case: The superintending control of this court over inferior courts will not be extended to determine whether a circuit judge should do what he has refused to do where the error claimed to have been committed is reviewable on appeal from the order entered in the matter, or from a final determination of the action or proceeding in which it was made, and the refusal does not deny a clear statutory right, but involves the determination of questions of law or fact, or both, of

such difficulty that a judge might reasonably, proceeding considerately, commit judicial error.

*By the Court.*—The proceedings are dismissed with costs to the respondent.