Braun v. Campbell, 137 Wis. 401.

BRAUN, Plaintiff in error, vs. CAMPBELL, Defendant in error.

*December 17, 1908—January 5, 1909.*

*Supervisory power of circuit courts: Correction of justice's docket:*
    Mandamus: *Admission of allegations of petition by motion to*
    *quash: Functions of writ: Other adequate remedy: Sufficiency*
    *of petition.*

1. If a justice of the peace makes incorrect entries in his docket, the circuit court, in the exercise of its supervisory control, has the power by *mandamus* to compel him to make the true entries according to the real facts.

2. On *mandamus* to compel a justice of the peace to correct the entries in his docket the petition stated, among other things, that such docket falsely recited that a case against petitioner was called at 9 o'clock, the hour to which the case had been adjourned, that the justice and plaintiff's counsel then appeared, and that defendant appeared but offered no evidence, whereas in fact the justice and plaintiff's attorney failed to appear during petitioner's presence at the office of the justice from 9 o'clock to 10:20 o'clock.   *Held*, that the allegations of the

petition stood admitted by a motion to quash the writ for the reason that the facts stated were not sufficient to entitle petitioner to relief, and it was therefore error to quash the writ on the ground that the docket entries imported verity and could not be contradicted and corrected in such proceeding.

3. A writ of *mandamus* cannot be employed to perform the functions of appeal or writ of error.

4. A writ of *mandamus* will not be awarded for relief from the action of inferior courts, unless it be clearly shown that such a court has violated a plain duty, that such violation of duty has produced a substantial injury to the petitioner for which he has no other adequate remedy in the law, and that he will be subjected to an injustice in the law unless such relief is awarded.

5. On *mandamus* to correct the docket entries of a justice of the peace, the facts stated in the petition did not clearly inform the court that the petitioner was not indebted for the amount of the judgment, exclusive of costs and disbursements, to the parties shown by such docket entries to have recovered judgment. It was alleged, as grounds of incorrectness of the docket entries, that petitioner appeared at the office of the justice at the hour to which the case had been adjourned and set for trial, that he remained there for one hour and twenty minutes, and that neither the justice nor plaintiff's attorney appeared during that time to proceed with the case. *Held:*

(1) The loss of jurisdiction by the justice depending upon the certainty with which the time of day was observed and involving a variation of twenty minutes, such slight difference in time could not be received as a clear and certain fact, in the light of common knowledge respecting the liability of mistake in observing the time of day.

(2) The circumstances alleged as tending to show loss of jurisdiction and the falsity of the docket entries, surrounded by such uncertainty, did not present such a clear case of fact as called upon the court to award the extraordinary remedy of *mandamus.*

(3) The uncertainty in the case being coupled with the fact that the amount of pecuniary injury to petitioner may be only the small sum of costs and disbursements in the justice's court, no occasion is presented for the issuance of the writ.

6. The remedy by *mandamus* is a legal one, but is granted only on equitable grounds, when, in the sound discretion of the court, it should be employed to prevent a failure of justice in a matter of a weighty and important nature.

ERROR to review a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action for a peremptory writ of *mandamus* to compel the defendant, a justice of the peace, to amend his docket entries, made in a case wherein the petitioner was defendant. It is alleged that the docket entries are false. Petitioner asks that the justice be ordered to correct them so as to state the facts. The entries complained of are as follows:

"August 3rd, 1907. Case called at my office at 9 o'clock a. m. S. M. Marsh appears for the plaintiff. Defendant appears in person but offers no proofs."

It is alleged that at the time the judgment was rendered in the action there was nothing due the plaintiff from the defendant; that petitioner, as defendant in the action, was present at the office of the justice from 9 o'clock, the time to which the case had been adjourned, until 10:20 o'clock; that neither the plaintiff, his attorney, nor the justice appeared during that time; that execution has been issued by the justice upon the judgment rendered; and that the petitioner has no other adequate or efficient remedy for the refusal of the justice to correct his docket. The motion to quash the alternative writ which had been issued was granted by the court on the ground that the petition for the writ did not state facts sufficient to entitle the petitioner to it. This writ of error is brought to review the action of the court in quashing the writ.

*George L. Jacques,* for the plaintiff in error.

*S. M. Marsh,* for the defendant in error.

SIEBECKER, J. This is an application by the plaintiff in error for relief against alleged false entries in a justice's docket, which the petitioner claims operate to his injury, and he therefore demands that the justice be compelled to correct them. The power of the circuit court to compel a justice to correct his docket entries so as to make them conform to and correctly represent the actual facts of which they purport to be a record has been upheld by this court. *State ex rel. Marsh v. Whittet,* 61 Wis. 351, 21 N. W. 245; *State*

*ex rel. Green v. Van Ells,* 69 Wis. 19, 32 N. W. 32.   The
*Whittet Case* clearly holds that, if a justice "makes incorrect
entries, the circuit court, in the exercise of its supervisory
control, has the power by *mandamus* to compel him to make
the true entries according to the real facts."

The facts stated in the petition of the plaintiff in error
are that the docket falsely states that the case was called at
9 o'clock, the hour to which the case had been adjourned,
that the justice and plaintiff's counsel then appeared, and
that the defendant appeared but offered no evidence, and
avers that in fact the justice and plaintiff's attorney failed to
appear during his presence at the office of the justice from
9 o'clock to 10:20 o'clock.   The allegations of the petition
stand admitted by the motion of defendant in error to quash
the writ upon the ground that the facts stated did not show
any ground entitling petitioner to relief.   The circuit court
quashed the writ, holding that, within the decision of the
*Van Ells Case,* the docket entries, specifying the hour when
the case was called, that plaintiff's counsel then appeared,
and that defendant appeared in person but offered no evi-
dence, imported verity, and could not be contradicted and
corrected in this proceeding.   We find no justification in the
*Van Ells Case* for this ruling.   In that case the petition and
reply to the return alleged that the docket entries failed to
record an adjournment which the justice had ordered im-
mediately after receiving the verdict of the jury.   These al-
legations were denied by the return of the justice, and no
evidence was adduced to show that the return was incorrect.
Upon this state of the record this court held that the return
must stand as made, and that on its face it imported verity,
since there was no evidence to impeach it.

The case is in harmony with the rule recognized in the
*Whittet Case,* that *mandamus* may issue to compel a justice
to correct docket entries to accord with the actual facts, if the
case presented calls for this extraordinary remedy.   In the

instant case there is no return to the alternative writ, but a motion was made to quash the writ, thus challenging the sufficiency of the petition to entitle petitioner to the relief demanded. The application for the *mandamus* is within the field of the *Whittet Case,* and the question is whether petitioner, upon the facts stated, shows himself entitled to this extraordinary remedy.

It is well established that the writ of *mandamus* will not be employed to perform the functions of appeal or writ of error. Nor will the writ be awarded for relief from the action of inferior courts, unless it be clearly shown that such court violated a plain duty, that this violation of duty has produced a substantial injury to the petitioner for which he has no other adequate remedy in the law, and that he will be subjected to an injustice in the law unless this relief is awarded. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Meggett v. O'Neill,* 104 Wis. 227, 80 N. W. 447; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 234, 82 N. W. 158; *State ex rel. Umbreit v. Helms,* 136 Wis. 432, 118 N. W. 158. The facts stated do not clearly inform us that the plaintiff in error is not now indebted to the parties who recovered the judgment for the amount of the judgment, exclusive of the costs and disbursements. If it is now due there can be no financial liability in addition to the debt, except the costs and disbursements in justice's court.

The plaintiff in error also asserts that he appeared at the office of the justice at the hour to which the case had been adjourned and set for trial, that he remained there for one hour and twenty minutes, and that neither the justice nor plaintiff's attorney appeared during that time to proceed with the case. It appears that plaintiff in error rests his claim on the alleged facts that there was no appearance by the plaintiff, and that the justice was not present within the hour from the time the case was set for a hearing, nor within the twenty

minutes after the expiration of the hour, during which time he was present. Under the circumstances petitioner's claim to relief depends on the correctness of his claim as to the hour he appeared at the office of the justice. The loss of jurisdiction by the justice depends on the certainty with which the time of day was observed and involves a variation of twenty minutes. We do not deem this slight difference in time, so asserted by plaintiff in error, can be received as a clear and certain fact, in the light of common knowledge respecting the liability of mistake in observing the time of day. The circumstances alleged in the petition as tending to show loss of jurisdiction and the falsity of the docket entries are surrounded by these uncertainties and do not present such a clear case of fact as called upon the court to award this extraordinary remedy.

Coupling this uncertainty in the case with the fact that the amount of the pecuniary injury to petitioner may be only the small sum of costs and disbursements in the justice's court, we are led to the conclusion that no occasion was presented for the issuance of the writ. The remedy is a legal one, but is granted only on equitable grounds, when, in the sound discretion of the court, it should be employed to prevent a failure of justice in a matter of a weighty and important nature. *State ex rel. Umbreit v. Helms, supra,* and cases cited in the opinion.

We are of opinion that the trial court properly denied the writ.

*By the Court.*—Judgment affirmed.