WISCONSIN AREA HEALTH & WELFARE FUND, a Wisconsin trust, and others, Petitioners-Appellants, v. HON. WALTER H. CATE, County Judge in and for Ashland County, Respondent.

*No. 65 (1974). Submitted on briefs October 2, 1975.—*
*Decided February 10, 1976.*
(Also reported in 238 N. W. 2d 107.)

For the petitioners-appellants there was a brief by *E. H. Snyder* of Milwaukee.

For the respondent there was a brief by *Pray, Pray & Clark* of Ashland.

WILKIE, C. J.   The sole issue on this appeal is whether the circuit court for Ashland county was obligated to grant the application of the Wisconsin Area Health & Welfare Fund, the petitioner-appellant, for an alternative writ of mandamus dismissing an action commenced by Dr. Glenn E. Grage against the Fund in the county court of Ashland county, Small Claims Branch.   We hold that it was not.

On July 24, 1970, Dr. Grage, Ashland, Wisconsin, commenced a small claim action in the county court against the Fund by service of a summons and complaint in Dane county on Rudolph Heiser, an employee and director of the Fund by the sheriff of Dane county.   Dr. Grage alleges in the complaint that the Fund is indebted to him for professional services performed and rendered to Deloris and Allen Pakkala pursuant to the instructions and request of the Fund between September 15 and October 10, 1969; that the services had a reasonable value of $292; and that the sum is due and has not been paid.   The complaint alleges that the Fund is engaged in the business of a health insurance trust for the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America.

The Fund moved to dismiss the action "in accordance with the provisions of Section 299.11 (5) Wis. Stats. on the ground that venue was not correct."   September 15, 1972, the respondent entered and filed his memorandum opinion and order denying the Fund's motion. The Fund appealed from this order to this court.   This court dismissed the appeal as to that part of the order denying the motion to dismiss for improper venue; vacated the order, insofar as it denied the motion to dis-.

miss for lack of personal jurisdiction; and remanded the cause for a jurisdictional trial.[1]

When the Fund was notified that a jurisdictional trial was mandated by this court, the Fund petitioned the circuit court for Ashland county for an alternative writ of mandamus commanding the respondent to dismiss the small claims action. The Fund alleges in the petition that it has "no other plain, adequate and complete remedy"; that it has a "clear, unambiguous and irrefutable legal right to the performance of a positive, mandatory and plain duty of the Respondent to dismiss said Small Claims action"; and that denial of the petition "will result in the unjust, illegal and inequitable imposition on the petitioners of additional costs, disbursements and attorney fees." The circuit court denied the petition stating in part:

"The Writ of Mandamus is a discretionary writ and its issuance lies within the sound discretion of the court either to grant or to deny. State ex rel. Kurkierewicz vs. Cannon, 42 Wis. 2d 368, 166 N. W. 2d 255.

"We see no reason why the matter which the petitioner seeks to litigate in the Circuit Court of Ashland county cannot be as fully and adequately dealt with in the forum wherein the action is now laid."

Unquestionably, the circuit court has supervisory control over the county court, and possesses jurisdiction to issue writs of mandamus to the county court returnable to it.[2] Mandamus is also the proper remedy. A writ of mandamus has been granted in a number of instances where an inferior court has improperly refused a change

---

[1] *Grage v. Wisconsin Area Health & Welfare Fund* (1973), 60 Wis. 2d 761, 211 N. W. 2d 509.

[2] Wis. Const. art. VII, sec. 8; *State ex rel. T. L. Smith Co. v. Superior Court* (1920), 170 Wis. 385, 175 N. W. 927; *Braun v. Campbell* (1909), 137 Wis. 401, 119 N. W. 112; *Attorney General ex rel. Cushing v. Lum* (1853), 2 Wis. 371 (*507).

of venue.[3] These cases hold that, since an order denying a motion for a change of venue is not appealable, mandamus is the proper remedy. However, the rule laid down by these decisions should not be considered as going to the extent of holding that in every case, where a trial judge erroneously denies an application for a change of venue, he will be coerced in the matter by the superintending control of a superior court.[4] The writ should not be used "except in such extreme cases as to render such course necessary to prevent a serious miscarriage or denial of justice and when there is no other remedy at all or none fairly adequate to the case."[5] In *Braun v. Campbell,*[6] this court stated:

"It is well established that the writ of mandamus will not be employed to perform the functions of appeal or writ of error. Nor will the writ be awarded for relief from the action of inferior courts, unless it be clearly shown that such court violated a plain duty, that this violation of duty has produced a substantial injury to the petitioner for which he has no other adequate remedy in the law, and that he will be subjected to an injustice in the law unless this relief is awarded. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Meggett v. O'Neill,* 104 Wis. 227, 80 N. W. 447; *State ex rel. Milwaukee v. Ludwig,* 106 Wis.

[3] *Application of Alloway* (1950), 256 Wis. 412, 41 N. W. 2d 360; *State ex rel. Arthur v. Proctor* (1949), 255 Wis. 355, 38 N. W. 2d 505; *Wisconsin Co-op. M. Pool v. Saylesville C. Mfg. Co.* (1935), 219 Wis. 350, 263 N. W. 197; *State ex rel. Webster Mfg. Co. v. Reid* (1922), 177 Wis. 612, 188 N. W. 67; *State ex rel. T. L. Smith Co. v. Superior Court, supra; State ex rel. Schutz v. Williams* (1906), 127 Wis. 236, 106 N. W. 286; *State ex rel. Rowell v. Dick* (1905), 125 Wis. 51, 103 N. W. 229.

[4] *State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court* (1908), 134 Wis. 301, 114 N. W. 455.

[5] *State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court, supra,* footnote 4, p. 304.

[6] *Braun v. Campbell, supra,* footnote 2, p. 405.

226, 234, 82 N. W. 158; *State ex rel. Umbreit v. Helms,* 136 Wis. 432, 118 N. W. 158 . . ."

Upon this record we cannot say that the respondent acted contrary to a clear, specific, legal right free from doubt when he denied the Fund's motion for dismissal because of improper venue. Sec. 299.11, Stats., in part, provides:

"**Venue.** (1) The venue of actions in which the procedure of ch. 299 is used is as follows:

" . . .

"(b) In contract actions, the county where the defendant resides or is personally served.

" . . .

"(3) For foreign corporations, 'residence' in this section refers to any county in which a corporation carries on substantial business activity; for domestic corporations 'residence' refers to the county in which the corporation has its principal office.

" . . .

"(5) When, in any action under this chapter, it appears from the return of service of the summons or otherwise that the county in which the action is pending is not a proper place of trial of such action under this section, the court shall, on motion of a party or on its own motion, on the return day of the summons or prior to taking any other action on the case, determine the correctness of the venue. If venue is correct the case shall continue. If venue is not correct, the action shall be dismissed unless the defendant appears and waives the improper venue."

The county court in its memorandum opinion found that the Fund was engaged in the insurance business and was not organized under the laws of this state; that the Fund was, in fact, a foreign corporation; and that it was an agency of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America providing insurance for members of that union working in Ashland county. The trial court concluded that the Fund carried on a substantial business in Ash-

land county, and, therefore, venue was proper under sec. 299.11 (1) (b) and (3), Stats. The county court's memorandum opinion was incorporated by reference in the Fund's application for the writ of mandamus. It contradicts the Fund's allegation also contained therein that the Fund is "a Wisconsin Trust organized and existing under and pursuant to the laws of Wisconsin"; and that its only and principal office is in Dane county. It is the Fund's contention that Dane county is where proper venue lies in this action. There exists sufficient room for doubt on the part of the circuit court for it to refuse, in its discretion, to command reversal, and sufficient doubt to permit judicial error on the part of the trial court.

Even if the Fund has a plain, legal right to dismissal of the action and the county court's duty is positive, it does not appear that substantial damage will follow its nonperformance or that there will be a serious miscarriage or denial of justice. Sec. 299.30 (3), Stats., provides that a party to a small claims action under ch. 211 may appeal from a judgment therein to the circuit court within 20 days after the date of mailing of notice of entry of judgment. Upon appeal the circuit court has power similar to that of this court under ch. 274 to review, and affirm, reverse or modify the judgment appealed from; or it may order a new trial in whole or in part. Sec. 299.30 (6). Furthermore, this court, upon the former appeal, has remanded the cause to the county court with directions that it have a jurisdictional trial. The question of venue may well be moot thereafter. This is what the circuit court apparently had in mind when it denied the Fund's application for the writ. This is a case in which no substantial injury will be done if the alleged error is left to be dealt with upon appeal from the final judgment in the action. If the error could not be preserved for such review this case might be

different. Although some prejudice might result to the Fund if the error is allowed to remain uncorrected until review upon appeal from the final judgment, including the sum of costs and disbursements in county court, this injury is not sufficient to warrant the exercise of the circuit court's superintending control. If such injury was unqualifiedly sufficient there would be very frequent exercise of the power of superintending control contrary to the policy as set forth in *State ex rel. Fourth Nat. Bank v. Johnson,*[7] that mandamus would not be used except in extreme cases to prevent only a serious miscarriage or denial of justice.

We conclude that equity does not command the issuance of the writ in this case; or that the circuit court abused its discretion in refusing to issue the writ.

*By the Court.*—Order affirmed.

---

[7] *State ex rel. Fourth Nat. Bank v. Johnson, supra.*