SCHROEDER, and another, Plaintiffs-Respondents, v. Nicholas S. RAICH, Defendant-Appellant: Sharon M. RAICH, Defendant.

Supreme Court

*No. 76–498. Submitted on briefs March 28, 1979.— Decided May 30, 1979.*
(Also reported in 278 N.W.2d 871.)

590

For Nicholas S. Raich and Sharon M. Raich the cause was submitted on the brief of *Starobin & Abrahamson, S.C.,* of Milwaukee.

For the respondents the cause was submitted on the brief of *William H. Lawler* of Milwaukee.

SHIRLEY S. ABRAHAMSON, J.   George and Gordon Schroeder filed suit against Nicholas Raich, a resident of Florida, seeking to recover $25,000 plus interest, the balance allegedly due on a promissory note given to the Schroeders by Raich. As provided in sec. 802.06(2), Stats.,[1] Raich filed a motion to dismiss the action on the

---

[1] Sec. 802.06(2), Stats.:

"802.06 **Defenses and objection; when and how presented; by pleading or motion; motion for judgment on the pleadings.** . . .

"(2) How PRESENTED.   Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or 3rd party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (a) lack of capacity to sue or be sued, (b) lack of jurisdiction over the subject matter, (c) lack of

ground that the court lacks jurisdiction over him. After holding a jurisdictional evidentiary hearing,[2] the trial court entered an order denying Raich's motion to dismiss the action against him. Raich argues on appeal that the facts as set forth in the affidavits and elicited at the hearing do not support a finding of jurisdiction under sec. 801.05, Stats., and that the trial court's exercise of personal jurisdiction over him violates his constitutional right to due process. We affirm the trial court's order.

jurisdiction over the person or res, (d) insufficiency of summons or process, (e) untimeliness or insufficiency of service of summons or process, (f) failure to state a claim upon which relief can be granted, (g) failure to join a party under s. 803.03, (h) res judicata, (i) statute of limitations, (j) another action pending between the same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. Objection to venue shall be made in accordance with s. 801.53. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If on a motion asserting the defense described in (f) to dismiss for failure of the pleading to state a claim upon which relief can be granted, or on a motion asserting the defenses described in (h) or (i), matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08."

[2] Sec. 801.08, Stats., provides in pertinent part:

"**801.08 Objection to personal jurisdiction.** (1) All issues of fact and law raised by an objection to the court's jurisdiction over the person or res as provided by s. 802.06(2) shall be heard by the court without a jury in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision. Such decision upon a question of jurisdiction shall be by order which is appealable.

"(2) Factual determinations made by the court in determining the question of personal jurisdiction over the defendant shall not be binding on the parties in the trial of the action on the merits."

The record of the jurisdictional evidentiary hearing is scanty indeed, but the following essentially undisputed facts regarding Raich's contacts with Wisconsin can be gleaned from it:[3] On or about April 7, 1972, Gordon A. Schroeder and George F. Schroeder sold their interest in two parcels of real estate in Muskego, Wisconsin, to a partnership whose partners were Nicholas Raich, Sam Lawent, and Judd Kassuba. These two parcels are sometimes characterized as "commercial property." As part payment for the Muskego real estate Raich and his wife signed a promissory note, whereby they promised to pay to the Schroeders at Milwaukee the sum of $75,000 in three equal installments. The Schroeders seek in the instant action to recover from Raich the third and final installment of $25,000, which they allege is unpaid and due.[4]

Raich stated by affidavit that he was a resident of Florida at the time of the purchase of the real estate and at the commencement of this action and that he executed the note in Florida and returned it to the Schroeders by mail. Raich's affidavit states that he has not entered Wisconsin to inspect or otherwise attend to the property purchased and has carried on all his dealings with respect to the promissory note by means of the United States mail.

As of February, 1976, when this action was commenced, Raich held interests in at least two other parcels of real property in Wisconsin. Raich and Sam Lawent held undivided half interests in a store in Racine, Wisconsin.

---

[3] No formal findings of fact were made in this case. However, statements of fact appear in the trial court's decision and they will be accorded the status of findings of fact. *Dombrowski v. Tomasino*, 27 Wis.2d 378, 386, 134 N.W.2d 420 (1965).

[4] Both Nicholas S. Raich and Sharon M. Raich signed the promissory note and were defendants in the action. The trial court dismissed the complaint against Sharon M. Raich, and no appeal was taken from that order.

Lawent characterized the relation between himself and Raich with regard to this property as "a loose partnership." The record is silent as to the business carried on at the store and as to whether Raich and Lawent operate this business or rent the premises to others who operate the business.

Raich also had an interest in a store in the vicinity of Waukesha, Wisconsin. The nature of the business operated at this second store, the nature of Raich's involvement, if any, in the business operation, and the extent of Raich's activities with this property are unfortunately not detailed in the affidavits or in the testimony in the record.

On the basis of the trial court's finding that Raich had interests in three parcels of real property in Wisconsin, the trial court concluded that it had jurisdiction over Raich pursuant to sec. 801.05(1)(d), Stats., which provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

"(1) Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

". . .

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

The various jurisdictional bases defined in sec. 801.05, Stats., were intended by the legislature to provide for this state's exercise of jurisdiction over nonresident defendants to the full extent consistent with the requisites of due process of law. The statutes regulating long arm jurisdiction are thus to be given a liberal construction in favor of the exercise of jurisdiction. *Huck v. Chicago,*

*St. P., M. & O. Ry.,* 4 Wis.2d 132, 137, 90 N.W.2d 154 (1958) ; *Flambeau Plastics Corp. v. King Bee Mfg. Co.,* 24 Wis.2d 459, 464, 129 N.W.2d 237 (1964).

Sec. 801.05(1) (d), Stats., corresponds in a general way to the "doing business" statutes common in other states. *Nagel v. Crain Cutter Co.,* 50 Wis.2d 638, 646, 184 N.W. 2d 876 (1971) ; Foster, Revision Notes—1959, Wis. Stats. Annot., sec. 801.05, pp. 55–56 (1977). We have said that the court must look to the nature of Raich's activities in Wisconsin to determine whether they were such as to constitute "substantial and not isolated activities . . . ." within the meaning of sec. 801.05(1) (d), Stats. This determination must be made in light of the requirements of due process. *Zerbel v. H. L. Federman & Co.,* 48 Wis. 2d 54, 179 N.W.2d 872 (1970).

The Schroeders had the burden at the evidentiary hearing to prove prima facie the facts supporting jurisdiction. *Hasley v. Black, Sivalls & Bryson, Inc.,* 70 Wis.2d 562, 577, 235 N.W.2d 446 (1975). Unfortunately they failed to pinpoint the nature of Raich's activities relating to the three parcels of Wisconsin real estate. The record is weak, but nonetheless, we think it provides a sufficient basis for concluding that the requirements of sec. 801.05(1) (d), Stats., which are as applicable to natural persons as to corporate entities,[5] are met. The trier of

[5] Professor Foster in his Revision Notes—1959, Sec. 801.05, W.S.A. p. 56, comments on the applicability of 801.05(1) (d), Stats. to individuals as follows:

". . . The 'doing business' test had its origins with respect to corporate, rather than natural, persons but despite at least one earlier Supreme Court decision to the contrary, it is now believed that doing business furnishes a basis for personal jurisdiction over nonresident individuals as well as over foreign corporations. See Foster, Personal Jurisdiction Based on Local Causes of Action, 1956 Wis. L. Rev. 422 at 576–577. No old Wisconsin statute autho-

fact is not limited to facts directly proven but may find any or all of the material facts in the case by reasonable inferences drawn from circumstantial evidence. *Stevens v. White Motor Corp.*, 77 Wis.2d 64, 74, 252 N.W.2d 88 (1977) ; *Bautista v. State*, 53 Wis.2d 218, 223, 191 N.W. 2d 725 (1971) ; *Tri-City Fur Foods Inc. v. Ammerman*, 7 Wis.2d 149, 152, 153, 96 N.W.2d 495 (1959).

The record shows that the real estate whose sale underlies the case at bar was purchased by a partnership in which Raich is a partner. There is also evidence in the record that Raich and Lawent formed a "loose partnership" with respect to the Racine store in which each held an undivided one-half interest.

The Uniform Partnership Act defines "partnership" as "an association of two or more persons to carry on as co-owners a business for profit." Sec. 178.03(1), Stats. All partners have equal rights in the management and conduct of the partnership business, sec. 178.15(5), Stats., and each partner is the agent of his or her copartners for the purpose of the partnership business. Sec. 178.06 (1), Stats.; *Reliable Pharmacy v. Hall*, 54 Wis.2d 191, 198, 199, 194 N.W.2d 596 (1972).

The facts regarding Raich's status as a partner in one partnership, and possibly in two, owning real estate in Wisconsin, viewed in the light of the provisions of the Uniform Partnership Act, warrant the inference that Raich was participating in one or more business ventures in Wisconsin involving Wisconsin real estate and that Raich's partners, Kassuba and Lawent (a resident

---

rized personal jurisdiction over an individual based upon his 'doing business' in the state, but various types of foreign corporations were made subject to personal jurisdiction on the basis of their 'doing business' in the state. See, for example, old s. 262.09(4)."

*See also* Restatement (Second) *Conflict of Laws,* sec. 35, Reporter's Note, p. 146 (1971).

of Wisconsin), were authorized to act as Raich's business agents. Raich, a partner, may be said to be doing business in Wisconsin because the partnership does business in this state and partnership business is carried on in behalf of each partner. Restatement (Second) of *Conflict of Laws,* sec. 40, Comment *e,* p. 168 (1971).

A reasonable inference from the record is that Raich engaged in continuous and systematic activities in Wisconsin relating to the real estate whether he did so in person, by mail, by telephone or by agent. Foster, Revision Notes—1959, Wis. Stats. Annot. sec. 801.05, pp. 55–56 (1977). The trier of facts can infer from Raich's membership in at least one partnership and his ownership of three parcels of real estate, including two stores, that at a minimum, Raich was involved in the payment of property taxes and income taxes in Wisconsin, in obtaining insurance coverage on Wisconsin property, and in the rental, maintenance, or other management operations of the properties. Raich's activities bear a reasonable and substantial connection to Wisconsin.

The trial court concluded that "with three properties in Wisconsin, I don't think there is any question about it that he is here for not just isolated activities. He has substantial activities." On the basis of the record, we hold that at the commencement of this action Raich was "engaged in substantial and not isolated activities within" Wisconsin, within the meaning of sec. 801.05(1)(d), Stats.

Raich asserts that the application of sec. 801.05(1)(d), Stats. to give the trial court personal jurisdiction over him violates due process. Although this court in *Zerbel v. H. L. Federman & Co.,* 48 Wis.2d 54, 179 N.W.2d 872 (1970), made a separate analysis to determine whether the jurisdictional contacts which satisfy a subsection of

sec. 801.05 were also sufficient to satisfy due process requirements, we do not believe this additional analysis is always required. Sec. 801.05, Stats., lists the situations or transactions in which it is not unfair or a denial of due process to extend Wisconsin's long arm of jurisdiction to a nonresident defendant. The standards set by sec. 801.-05, Stats., if met, prima facie meet the constitutional demands of *Pennoyer v. Neff*, 95 U.S. 714 (1877), and *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Afram v. Balfour, Maclaine, Inc.*, 63 Wis.2d 702, 713, 218 N.W.2d 288 (1974) ; *Hasley v. Black, Sivalls & Bryson, Inc.*, 70 Wis.2d 562, 577, 235 N.W.2d 446 (1975) ; *Fields v. Playboy Club of Lake Geneva, Inc.*, 75 Wis.2d 644, 653, 654, 250 N.W.2d 311 (1977) ; *Stevens v. White Motor Co.*, 77 Wis.2d 64, 70, 71, note 2, 252 N.W.2d 88 (1977). We have previously concluded that under sec. 801.05 (1) (d), Stats., the trial court has jurisdiction over Raich in this action. Thus the constitutional objection is prima facie at least surmounted.

■

Raich, attempting to rebut the prima facie showing of constitutionality, contends that the exercise of jurisdiction over him in the case at bar violates due process because he was a resident of Florida at all relevant times and because the record fails to show any connection between the instant case and the real estate he owned in Wisconsin in February, 1976. The latter contention, as we have noted, is inaccurate. Raich's own affidavit avers that the promissory note which is the subject of this cause of action was given as part payment for the purchase of Wisconsin real estate he still owned at the time of the commencement of the action. That Raich resides in Florida does not by itself prevent the trial court from exercising jurisdiction over him; long-arm statutes, which satisfy the due process requirements, are intended to enable a state to assert jurisdiction over a nonresident.

598

The contacts which Raich had with this jurisdiction reasonably associate him with the State of Wisconsin, and it is not violative of due process to require that Raich stand trial in this state. The maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Shaffer v. Heitner,* 433 U.S. 186 (1977); *Oxmans' Erwin Meat Co. v. Blacketer,* 86 Wis.2d 683, 273 N.W.2d 285 (1979).

*By the Court.*—Order affirmed.