**INTERNATIONAL PLACEMENT AND RECRUITING, a corporation, Plaintiff,**

v.

**REAGAN EQUIPMENT COMPANY, a corporation, Defendant.**

**No. 83–C–1775.**

United States District Court, E.D. Wisconsin.

Sept. 7, 1984.

Ronald J. Brejcha, Ferr, Gumina, Luchini & Brejcha, Milwaukee, Wis., for plaintiff.

Angel Castillo, Jr., Morgan, Lewis & Bockius, Miami, Fla., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the defendant's motion to dismiss the complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons articulated herein, the Court concludes that this motion must be granted.

## BACKGROUND

This action was initiated on October 25, 1983, when the plaintiff filed its complaint, alleging principally that the defendant corporation has failed and refused to pay an amount due the plaintiff pursuant to a contract for employment placement services entered into by the parties. As the defendant observes in its present petition, the complaint apparently states a claim under the alternative theories of breach of an oral contract and quantum meruit.

On December 27, 1983, the defendant filed this motion to dismiss, having previously secured an extension of time in which to serve and file its answer or otherwise plead. *See* Court's *Order* at 2 (December 19, 1983). In support of its petition, the defendant argues that assuming the complaint is predicated on the Court's diversity jurisdiction, as established by 28 U.S.C. § 1332(a)(1), the plaintiff is apparently attempting to establish personal jurisdiction over the defendant through an "in tandem" invocation of Rule 4(d)(3) or (e) of the Federal Rules of Civil Procedure and "a Wisconsin long-arm statute, although both the complaint and the summons are entirely silent as to [this] matter...." Defendant's *Memorandum In Support Of Motion To Dismiss* at 2 (January 13, 1984).

While declining to comment on the specific terms—or, for that matter, existence—of any such long-arm statute, the defendant nonetheless observes that the propriety of its application here must be measured against the clear requirements of the due process clause of the Fourteenth Amendment. That clause, as the defendant notes, has been interpreted so as to permit a federal district court to exercise jurisdiction over a nonresident defendant only if there exist "minimum contacts" between the defendant and the forum state in which the court sits. *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971).

In the present case, the plaintiff has failed to plead the existence of any, much less minimum, contacts between the Reagan Equipment Company and the State of Wisconsin; accordingly, since there has not been established a sufficient basis for the exercise of the Court's personal jurisdiction over this non-resident defendant, the action must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or so the argument goes.

Although the plaintiff has been afforded a sufficient period of time in which to respond to the present motion, it has failed to do so. Accordingly, the Court today resolves the defendant's petition based solely on the motion papers filed to date and its own understanding and application of the law.

### Wis.Stat. § 801.05 And The Defendant's "Contacts" Within The State

Although, as the defendant notes, the pleadings in this case incorporate no reference to the long-arm statute upon which the plaintiff's service is presumably premised, the Wisconsin legislature has enacted such a statute and codified it under section 801.05(1)(d), (4)(a) & (b), and (5)(a). Those provisions read as follows:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(1) **Local presence or status.** In any action whether arising within or without this state, against a defendant who when the action is commenced: ....

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise....

(4) **Local injury; foreign act.** In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

(5) **Local services, goods or contracts.** In any action which:

(a) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff....

■ While Wisconsin's long-arm statute is to be given liberal construction in favor of the exercise of jurisdiction, *Schroeder v. Raich,* 89 Wis.2d 588, 593, 278 N.W.2d 871, 874 (1979); *Stevens v. White Motor Corporation,* 77 Wis.2d 64, 74, 252 N.W.2d 88, 93 (1977), it is beyond peradventure that the determination of whether personal jurisdiction may be exercised over a nonresident defendant must be made in light of the requirements of due process, combined with all relevant circumstances and facts related to the jurisdictional issue. *Clement v. United Cerebral Palsy of Southeastern Wisconsin, Inc.,* 87 Wis.2d 327, 333, 274 N.W.2d 688, 691 (1979); *Hasley v. Black, Sivalls & Bryson, Inc.,* 70 Wis.2d 562, 575, 235 N.W.2d 446, 453 (1975).

In its seminal decisions in *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *McGee v. International Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the United States Supreme Court established that the requirements of due process are fulfilled in the application of long-arm statutes if certain prerequisites are met. The Wisconsin Supreme Court adopted these standards in 1970 in *Zerbel v. H.L. Federman & Company,* 48 Wis.2d 54, 62, 179 N.W.2d 872, 877 (1970), as follows:

(1) The nonresident defendant must do some act or consummate some transaction within the forum.... A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three.

(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum....

(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of "fair play" and "substantial justice." If this test if fulfilled, there exists a "substantial minimum contact" between the forum and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of forum non conveniens.

Beyond these broad guidelines, it is generally held that compliance with the specific requirements of Wis.Stat. 801.-05(1)(d), (4)(a) & (b), and (5)(a) raises a presumption of compliance with the "fair play" and "substantial justice" components of due process. *Vermont Yogurt Company v. Blanke Baer Fruit Company,* 107 Wis.2d 603, 608, 321 N.W.2d 315, 318 (1982); *Lincoln v. Seawright,* 104 Wis.2d 4, 10, 310 N.W.2d 596, 599 (1981). The presumption may be rebutted, however, by an assessment of the supposedly substantial and not isolated contacts of the defendant with the forum under the following five factors: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with the contacts; (4) the interests of the state of Wisconsin; and (5) the convenience of the parties. *Harley-Davidson Motor Company, Inc. v. Strada,* 78 F.R.D. 521, 523 (E.D.Wis.1978); *State v. Advance Marketing Consultants, Inc.,* 66 Wis.2d 706, 718, 225 N.W.2d 887, 894 (1975).

Of course, these well-established standards for analysis under Wis.Stat. § 801.05 presume the existence of *some* contacts, however facially insubstantial, between the defendant and the forum state. *See Merco Distributing Corporation v. O & R Engines, Inc.,* 71 Wis.2d 792, 796–797, 239 N.W.2d 97, 100 (1976); *Bockorny v. Midnight Publishing Corporation,* 352

F.Supp. 1093, 1094 (E.D.Wis.1972). Moreover, the burden is plainly on the plaintiff to show that the defendant had the requisite contacts with the state to justify the exercise of the court's long-arm jurisdiction. *Schmitz v. Hunter Machinery Company,* 89 Wis.2d 388, 396, 279 N.W.2d 172, 175 (1979); *Afram v. Balfour, Maclaine, Inc.,* 63 Wis.2d 702, 707, 218 N.W.2d 288, 291 (1974).

In the present complaint, the plaintiff has failed to allege not simply the existence of some minimum contacts between the defendant corporation and the State of Wisconsin, but that there have been *any* contacts whatsoever. Nowhere in the pleadings is the defendant charged with having performed any act or undertaken any activity with any connection, however attenuated, with the forum state.

Absent some basis upon which it might assess the propriety invoking Wisconsin's long-arm statute here, the Court must conclude that the defendant's due process rights would, indeed, be compromised if personal jurisdiction were exercised over it. Accordingly, for the reasons stated herein, the Court hereby **GRANTS** the defendant's motion to dismiss this action for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.