ENPRO ASSESSMENT CORPORATION, Plaintiff-
Respondent,

v.

ENPRO PLUS, INC., Defendant-Appellant.

Court of Appeals

*No. 92-0648-FT. Submitted on briefs July 9, 1992.—Decided
September 9, 1992.*

(Also reported in — N.W.2d —.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Derek McDermott* of *Lutz, Burnett, McDermott & Jahn* of Chilton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kathryn S. Grosdidier* of *Doar, Dril & Skow, S.C.* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Enpro Assessment Corporation (Minnesota Enpro), a Minnesota corporation licensed to do business in Wisconsin, filed a complaint in St. Croix County Circuit Court against Enpro Plus, Inc. (Chilton Enpro), a Wisconsin corporation with its corporate office located in Chilton, Calumet County, Wisconsin. Chilton Enpro appeals the circuit court's order denying its motion for change of venue. The sole issue is whether Chilton Enpro did "substantial business" in St. Croix County.[1] Because the record does not establish that Chilton Enpro's business in St. Croix County was substantial, we reverse the circuit court's order denying Chilton Enpro's motion for change of venue and remand the case to the circuit court to transfer venue to Calumet County.

---

[1] This is an expedited appeal under Rule 809.17, Stats.

Chilton Enpro performs services in the environmental field including testing, installing and removing underground storage tanks. It is undisputed that Chilton Enpro's only contacts with St. Croix County consisted of: (1) advertisements in two "statewide" publications, WISCONSIN PROFESSIONAL ENGINEER and INFORMER, a periodical published by the Petroleum Marketers Association; (2) six or seven direct mailing efforts, some but not all of which reached St. Croix County; and (3) a listing on the DNR Contractor list, which is distributed statewide.

Chilton Enpro contends that its advertising and mailings do not constitute doing business in St. Croix County, but, even if they do, such business is not substantial. Chilton Enpro reasons that therefore venue properly lies in Calumet County, its principal place of business. Section 801.50(2), Stats., governs venue in civil actions:

> (2) Except as otherwise provided by statute, venue in civil actions or special proceedings shall be as follows:
> (a) In the county where the claim arose;
> (b) In the county where the real or tangible personal property, or some part thereof, which is the subject of the claim, is situated.
> (c) In the county where a defendant resides or *does substantial business;* or
> (d) If the provisions under par. (a) to (c) do not apply, then venue shall be in any county designated by the plaintiff. (Emphasis added.)

Because the underlying facts are undisputed, the issue is one of statutory construction, a question of law that we review independently of the trial court. *State v. Timm,* 163 Wis. 2d 894, 897, 472 N.W.2d 593, 595 (Ct.

App. 1991). The term "substantial business" as it appears in sec. 801.50, Stats., has never been interpreted by a Wisconsin appellate court. In ascertaining a statute's meaning, our initial inquiry is to the statute's plain meaning. *Clark v. Erdmann,* 161 Wis. 2d 428, 438, 468 N.W.2d 18, 22 (1991). We construe nontechnical words and phrases according to their common and ordinary usage. *Ervin v. City of Kenosha,* 159 Wis. 2d 464, 483-84, 464 N.W.2d 654, 662 (1991).

## "BUSINESS"

The common and ordinary usage of words may be established by their definition in a recognized dictionary. *Ervin,* 159 Wis. 2d at 483-84, 464 N.W.2d at 662-63. WEBSTER'S THIRD NEW INT'L DICTIONARY 302 (Unabr. 1976), defines business as "activity directed toward some end" or "a commercial or mercantile activity customarily engaged in as a means of livelihood."

Under either definition, the activities of Chilton Enpro in St. Croix County amount to business. In modern commerce, direct mail and other advertising have enabled relatively small operations to reach customers a great distance away from them. Advertising continues to be a crucial part of any business. Advertising through direct mail or otherwise is both mercantile activity and activity directed toward some end. The evidence that Chilton Enpro advertised in magazines that reached St. Croix County and participated in direct mail operations that reached St. Croix County compels a conclusion that Chilton Enpro participated in business in St. Croix County, regardless of the size and substance of those contacts.

Chilton Enpro cites cases from other jurisdictions holding that defendants were not "doing business" or transacting "customary business" under foreign venue statutes.[2] These cases, however, are not binding authority in Wisconsin and construe statutes that do not use the term "substantial business." Nor do they persuade us that Chilton Enpro was not engaged in business.

## "SUBSTANTIAL"

In determining if Chilton Enpro's business in St. Croix County is substantial, we look to two authorities: (1) Wisconsin caselaw using the term "substantial business," in contexts other than sec. 801.50(2), Stats., and (2) the Wisconsin courts' interpretation of "substantial and not isolated activities," from sec. 801.05(1)(d) involving personal jurisdiction.

Two Wisconsin cases have used the term "substantial business." However, they do not specifically deal with sec. 801.50, Stats. Both show that entities may carry on substantial business in an area even in the absence of an office or employees in that area. *National*

---

[2]*See City Stores Co. v. Williams*, 252 So. 2d 45 (Ala. 1971); *Bucklew v. G.D. Searle & Co.*, 562 N.E.2d 186 (Ill. 1990); *Baltimore & Ohio R.R. v. Mosele*, 368 N.E.2d 88 (Ill. 1977); *Blakey v. Commonwealth Edison Co.*, 367 N.E.2d 529 (Ill. App. 1977); and *Frees v. Southern Michigan Cold Storage Co.*, 204 N.W.2d 782 (Mich. App. 1972), which are all cases construing foreign venue statutes that hold defendants are not engaged in "business" for the purpose of venue statutes even though they engage in activities far greater than those of Chilton Enpro in St. Croix County. These states all have venue statutes that make venue proper where a defendant "does business" or "carries on business." None require, as Wisconsin does, the more stringent standard of "substantial business" in order to justify venue.

547

*Liberty Life Ins. Co. v. State,* 62 Wis. 2d 347, 215 N.W.2d 26 (1974), involved the issue of whether the state could tax a foreign mail order insurer's gross premiums as part of the state's regulatory program against unauthorized insurers. The evidence showed that the insurer's gross premiums in Wisconsin rose from $23,114 in 1963 to $215,000 in 1969 for a total over the years in question of $1,432,479. The court concluded this constituted substantial business and established sufficient contact with this state to justify the imposition of a tax on the insurer's business in Wisconsin. *Id.* at 364–65, 215 N.W.2d at 35.

Also, in *Wisconsin Area Health & Welfare Fund v. Cate,* 71 Wis. 2d 375, 380–81, 238 N.W.2d 107, 109–10 (1976), our supreme court affirmed the trial court's denial of a corporation's motion for dismissal due to improper venue in a small claims action.[3] The court found that the defendant corporation carried on substantial insurance business in the county of suit, despite its claim that it was a Wisconsin trust with its only office in another county.

These two cases demonstrate that entities may carry on substantial business in an area without the presence of an office or employees in that area. *National*

---

[3] *Wisconsin Area Health* was a review of a circuit court's decision not to issue a writ of mandamus ordering the county court to dismiss the defendant due to improper venue. Unfortunately, the specifics of the corporation's contacts in the county were not mentioned. The former small claims venue statute, sec. 299.11(3), Stats., provided that residence for foreign corporations meant "any county in which a corporation carries on substantial business activity." This section has since been renumbered as sec. 799.11, Stats., and the applicable venue language, subsec.(1)(d), now refers to proper venue as "the county specified by s. 801.50, Stats."

*Liberty,* particularly, displays the degree to which direct mail enables an entity to carry on business in an area to which it has no other contact.

The next cases we rely upon concern jurisdiction. Venue and personal jurisdiction are two related, but distinct topics. Jurisdiction determines the power of Wisconsin courts to decide a matter, while venue merely determines where within Wisconsin a matter should be tried. *See* Judicial Council Committee Note 1983, sec. 801.50, Stats.

However, the legislature has used similar terminology in determining proper venue and personal jurisdiction.[4] As noted above, one basis for proper venue is "substantial business" by the defendant in the county where venue is sought. Similarly, one of the grounds for personal jurisdiction under the "long arm" statute, sec. 801.05, Stats., is "substantial and not isolated activities" in Wisconsin by the defendant at the time the action is commenced. Because of the similarities between the statutory language, we look to the Wisconsin court holdings construing "substantial and not isolated activities" of businesses for jurisdiction purposes as persuasive authority when determining if Enpro's business is substantial for venue purposes.

In *Schroeder,* 89 Wis. 2d at 596, 278 N.W.2d at 875, our supreme court held that a nonresident who was a

---

[4]In looking to cases construing long-arm jurisdiction statutes as persuasive authority for venue cases, it must be remembered that some inferences given to jurisdictional cases do not apply to venue cases. For example, statutes regulating long-arm jurisdiction are to be given a liberal construction in favor of the exercise of jurisdiction. *Schroeder v. Raich,* 89 Wis. 2d 588, 593, 278 N.W.2d 871, 874 (1979). The venue statutes are not to be given a similar liberal construction in favor of finding that venue is proper.

member of at least one Wisconsin partnership and owned three parcels of Wisconsin real estate, including two stores, was engaged in "substantial and not isolated activities." Similarly, in *Milwaukee County v. Hartford Cas. Co.*, 151 Wis. 2d 463, 474, 444 N.W.2d 455, 459 (Ct. App. 1989), we concluded that a Texas insurance company was engaged in "substantial and not isolated activities" within Wisconsin because the company was licensed to sell in Wisconsin and maintained a Wisconsin business office.

However, in *Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 159 Wis. 2d 230, 234, 464 N.W.2d 52, 54 (Ct. App. 1990), we held that a South Carolina distributor could not be found to have engaged in "substantial and not isolated activities within [the] state," on the sole basis that it purchased products from a Wisconsin manufacturer two years prior to the commencement of the action, where the distributor had no other contacts with the state since that time.

Importantly, in *Vermont Yogurt Co. v. Blanke Baer Fruit & Flavor Co.*, 107 Wis. 2d 603, 612–13, 321 N.W.2d 315, 320 (Ct. App. 1982), we held that a defendant's contacts with Wisconsin were insufficient to be considered "substantial and not isolated."[5] In that case, the defendant (1) had a regional sales representative whose

---

[5]Because *Vermont Yogurt* involved one non-Wisconsin entity suing another non-Wisconsin entity, the court held that the defendant's contacts within the state must be substantially higher than those contacts needed to show "substantial and not isolated activities" when the plaintiff is from Wisconsin. However, this inference counteracts the liberal construction in favor of finding jurisdiction that is normally given such cases. *See supra,* note 4. Therefore, this case is applicable as persuasive authority in deciding whether "substantial business" exists under the venue statute, which gives no inference either way.

territory included Wisconsin, (2) employed a part-time salesperson, a resident of Wisconsin, to sell its products in Wisconsin, (3) used Wisconsin firms to distribute its products, (4) advertised in national trade magazines, (5) did direct mailing to Wisconsin firms, (6) sent technical personnel to Wisconsin to assist customers trying new products, (7) attended trade shows in Wisconsin and reimbursed its Wisconsin distributors for expenses incurred in attending such trade shows, and (8) derived 3% of its total nationwide sales from Wisconsin despite not being licensed to do business in Wisconsin or having any offices, warehouses or manufacturing plants or owning any property in Wisconsin. *Id.* at 605–06, 321 N.W.2d at 317.

Even with all of those contacts, the defendant's activities were not considered "substantial and not isolated." We held that "[t]his state, in which the defendant conducts about 3 percent of its business, has hardly been adopted by it as one of its major centers of business." *Id.* at 613, 321 N.W.2d at 320.

In our present case, Chilton Enpro has made no sales in St. Croix County. Moreover, the direct mail and magazine advertising by Chilton Enpro are no greater than that of the defendant in *Vermont Yogurt,* whose activities were not found to be "substantial and not isolated."

The jurisdictional cases that have found "substantial and not isolated activities" have involved defendants with contacts in Wisconsin much greater than Chilton Enpro's contacts in St. Croix County. Moreover, as stated earlier, Wisconsin appellate courts have not found activities to be "substantial and not isolated" even in instances where the defendant's contacts were greater than those of Chilton Enpro in St. Croix County.

██ Section 801.50(2)(c), Stats., requires that a defendant do "substantial business" in a county before it is found to be a proper venue. Courts should give statutory language its ordinary and accepted meanings and try to give effect to every word so as not to render any part of the statute superfluous. *Benjamin Plumbing, Inc. v. Barnes*, 162 Wis. 2d 837, 856, 470 N.W.2d 888, 896 (1991). To hold that Chilton Enpro's contacts with St. Croix County were substantial business would render the word "substantial" superfluous. If Chilton Enpro's business in St. Croix County was substantial, then any business, no matter how slight, in St. Croix County is "substantial" and the word is meaningless.

██ Moreover, if St. Croix County were to be a proper venue in this action, then any county in the state would be a proper venue for this action. Further, any business, regardless of its size or client base, who either advertised in a statewide publication or did any direct mailing throughout the state, could be sued in any county in the state. It would be unreasonable to find that this was the intent of the legislature in using the term "substantial business" in the venue statute. Because Chilton Enpro's business in St. Croix County was not substantial, the trial court should have transferred venue of this action to Calumet County.

*By the Court.*—Order reversed and cause remanded with directions.