COURT OF APPEALS
DECISION
DATED AND FILED

February 16, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1876**

STATE OF WISCONSIN

Cir. Ct. No. 2022TP31

IN COURT OF APPEALS
DISTRICT IV

IN RE THE TERMINATION OF PARENTAL RIGHTS TO R. P., A PERSON UNDER THE AGE OF 18:

R. G.,

PETITIONER-APPELLANT,

V.

S. P.,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: SUSAN M. CRAWFORD, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] R.G. filed a petition in the Dane County circuit court seeking to voluntarily terminate his parental rights to his non-marital child, who was then seven and one-half years old. R.G. supported his petition with an affidavit of consent to termination of parental rights and a statement in which he asserted that he had not seen the child for seven and one-half years and explained that termination of his parental rights would be in the child's best interest. The child and the child's mother live in Illinois. R.G. lives in Dane County. The circuit court dismissed his petition for lack of jurisdiction. R.G., pro se, appeals, arguing that the court erred based on the statutory provision governing venue in termination of parental rights actions, WIS. STAT. § 48.185. As I explain, I conclude that the court properly dismissed the petition for lack of jurisdiction under WIS. STAT. § 822.21.

## DISCUSSION

¶2 "Jurisdiction determines the power of Wisconsin courts to decide a matter, while venue merely determines where within Wisconsin a matter should be tried." *Enpro Assessment Corp. v. Enpro Plus, Inc.*, 171 Wis. 2d 542, 549, 492 N.W.2d 325 (Ct. App. 1992). R.G. correctly states that, under the venue provision governing termination of parental rights proceedings, "venue shall be in the county where the birth parent or child resides at the time that the petition is filed." WIS. STAT. § 48.185(2).

¶3 Here, however, R.G., as the petitioner in this termination of parental rights proceeding seeks to invoke the circuit court's personal jurisdiction over

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

persons who do not reside in Wisconsin. Thus, in this case, WIS. STAT. ch. 822, the Uniform Child Custody Jurisdiction Act (UCCJA), applies. *See **J.C. v. T.R.**,* 2003 WI 61, ¶¶26, 28-29, 262 Wis. 2d 217, 663 N.W.2d 734 (termination of parental rights actions are child custody proceedings under the UCCJA, which was enacted to address concerns arising in child custody proceedings involving children and parents in different states); WIS. STAT. § 822.02(4) (the provisions in ch. 822 apply to termination of parental rights proceedings). Under WIS. STAT. § 822.01(2)(a) and (c), the objectives of the UCCJA include: to "[a]void jurisdictional competition and conflict with courts of other states in matters of child custody," and to "[p]romote cooperation with the courts of other states to the end that a custody decree is rendered in the state that can best decide the case in the interest of the child." Under WIS. STAT. § 822.21(2), § 822.21(1) is the "exclusive jurisdictional basis" for proceedings governed by ch. 822.

¶4    Pertinent here, under WIS. STAT. § 822.21(1), a court of Wisconsin "has jurisdiction to make an initial determination" in this termination of parental rights proceeding only if Wisconsin "is the home state of the child on the date of the commencement of the proceeding." Sec. 822.21(1)(a).[2] It is undisputed that

---

[2] The full text of WIS. STAT. § 822.21 is as follows:

> (1) Except as provided in s. 822.24, a court of this state has jurisdiction to make an initial determination only if any of the following applies:

> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(continued)

3

the child here resides in Illinois, and R.G. presented no evidence in the circuit court showing that the child resided in Wisconsin within 6 months before he commenced this action and that the mother lives in Wisconsin. Accordingly the circuit court properly dismissed R.G.'s petition under § 822.21(1)(a).

¶5      Separate from his challenge to the circuit court's dismissal of his petition, R.G. argues that the circuit court erroneously failed to grant his petition to waive guardian ad litem fees. R.G. asserts that he filed financial documents and paperwork showing that he is indigent. While the record includes his petition to waive fees with supporting financial documents and paperwork, the record does not include, and R.G. does not point to, any document showing that the court decided his petition to waive fees or that any guardian ad litem fees were assessed

---

(b) A court of another state does not have jurisdiction under par. (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under s. 822.27 or 822.28, and all of the following apply:

1. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

2. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(c) All courts having jurisdiction under par. (a) or (b) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under s 822.27 or 822.28.

(d) No court of any other state would have jurisdiction under the criteria specified in par. (a), (b), or (c).

4

against R.G. Accordingly, I do not consider this argument further. ***Fiumefreddo v. McLean***, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993) ("We are bound by the record as it comes to us."); ***Jensen v. McPherson***, 2004 WI App 145, ¶6 n.4, 275 Wis. 2d 604, 685 N.W.2d 603 ("It is not this court's responsibility to sift and glean the record … to find facts supporting [the party's] argument.").

## CONCLUSION

¶6     For the reasons stated above, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.